344 So.2d 648 (1977)
STATE of Florida, Appellant,
v.
Woodrow PAYTON, Appellee.
No. 76-1792.
District Court of Appeal of Florida, Second District.
April 15, 1977.
*649 Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and Robert H. Grizzard, II, Asst. Public Defender, Bartow, for appellee.
GRIMES, Judge.
This is a state appeal from an order granting a motion to suppress tangible evidence and incriminating statements. The appellee is charged with grand larceny.
On August 19, 1976, at about midnight, several police units were maintaining surveillance of an automobile containing two persons. The record does not reflect why this automobile was under surveillance. Officers Holthusen and Feathers were following the car in their unmarked vehicle in an industrial area when they momentarily lost contact with it. They saw the car again about two minutes later parked in front of Zaun Equipment Company. After they passed, Holthusen got out of the vehicle and proceeded back toward the parked car to observe it. He saw two men running toward the car from a nearby fence which surrounds Zaun Equipment Company. He did not see anything in their hands, but he heard two or three thudding noises and the car door slam. The car then immediately left the scene. Officer Holthusen went to the fence and observed that the wire on top was bent down. Holthusen alerted other police units to follow the vehicle.
While it is unclear upon whose order, one of the police cruisers overtook the automobile and stopped it. Appellee and another man were in the vehicle. Shortly thereafter Officer Holthusen arrived at the scene and immediately advised appellee of his Miranda rights. After some discussion appellee said that the other occupant of the car had gone over the fence and taken some equipment. Two large boxes were plainly visible in the back seat. Both persons were then placed under arrest. The boxes were opened and found to contain lawn edgers. It was later determined that these edgers were the property of Zaun Equipment Company.
Officer Feathers testified that when they were first following the vehicle and as they passed it at Zaun Equipment Company, there were no boxes in the back seat. He said that as the car passed him after pulling away from Zaun's, he could see some boxes in the back seat. Another officer reported over the radio that the boxes could be seen in the back seat.
At the conclusion of the hearing, the court granted the motion to suppress on the grounds that the arrest was unlawful because there was an insufficient showing of probable cause for the officers to believe that a crime had been committed. We hold that the court erred in the sense that it measured the officers' conduct by the wrong standard.
After the car was stopped, the appellee admitted that his accomplice had gone over the fence and taken some equipment from Zaun Equipment Company. The boxes which were in plain sight in the back seat had not been there before. At this point, the officers clearly had probable cause upon which to make an arrest and to remove the *650 boxes from the vehicle incident to the arrest. The real issue is whether the officers had a right to stop the car in the first place.
In a number of recent cases, our court and others have held that under the proper circumstances the police may stop a motor vehicle for investigation upon something less than probable cause to believe that the occupants have committed a crime. Thus in State v. Othen, 300 So.2d 732 (Fla.2d DCA 1974), our court quashed an order on the ground that probable cause was an excessively rigid standard by which to measure the authority of a police officer to make a reasonable detention of a motorist for the purpose of ascertaining his identity and inquiring into circumstances justifiably arousing suspicion. The standard has been characterized as a "well-founded suspicion." State v. Spanierman, 267 So.2d 102 (Fla.2d DCA 1972). The principle is analogized to the right of the police to stop a suspicious person for interrogation on less than probable cause under Terry v. Ohio.[1]State v. Holmes, 256 So.2d 32 (Fla.2d DCA 1971). The right to stop an automobile for reasonable interrogation of the occupants, under suspicious circumstances, ought not be more restrictive than the right to stop an individual on the street. As the court said in Wilson v. Porter, 361 F.2d 412 (9th Cir.1966), while passing upon the propriety of the police to stop an automobile:
"... A line between reasonable detention for routine investigation and detention which could be characterized as capricious and arbitrary cannot neatly be drawn. But due regard for the practical necessities of effective law enforcement requires that the validity of brief, informal detention be recognized whenever it appears from the totality of the circumstances that the detaining officers could have had reasonable grounds for their action. A founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing."
If the police had a well-founded suspicion that the occupants of the vehicle in which appellee was riding might be involved in criminal activity, they had a right to stop the vehicle for reasonable investigation and interrogation. If the circumstances were suspicious enough, it was not necessary that they know that property had been stolen from Zaun's. Since the court did not apply this standard in measuring the officers' conduct, the order of suppression must be reversed. The case is remanded for further proceedings in which the court will have the opportunity to determine the motion by the application of the proper guidelines.
REVERSED and REMANDED.
BOARDMAN, C.J., and SCHEB, J., concur.
NOTES
[1] 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).