345 So.2d 815 (1977)
Eddie DIGGS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-467.
District Court of Appeal of Florida, Second District.
April 27, 1977.
Rehearing Denied June 2, 1977.
*816 Jack O. Johnson, Public Defender, Bartow, and Stephen O. Rushing, and Ellen Condon, Asst. Public Defenders, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
OTT, Judge.
Appellant appeals the denial of his motion to suppress illegally seized evidence. The lower court found the search to be a proper incident to a lawful arrest. We disagree and therefore reverse.
Officer Pierce observed the appellant driving an automobile in a normal and lawful manner on a public street. The officer decided to stop appellant and ask to see his driver's license. The officer testified that he had reason to believe appellant did not have a license because (1) he had arrested appellant a year or a year and a half previously for driving without a valid driver's license, and (2) he had been told by one or more informants that they did not believe appellant had a license, since they had seen appellant being driven around by others. He admitted, however, that he was not conscious of the prior arrest at the time he stopped appellant and further admitted that fellow officers had advised him they suspected the appellant of unlawful drug activity or use.
Appellant was unable to produce a driver's license.
Officer Pierce thereupon arrested and handcuffed the appellant and proceeded to conduct a thorough search of the vehicle finding, inter alia, a syringe in the pocket of a jacket in the locked trunk. Officer Pierce then transported appellant to the police station, where he ordered appellant to undress. Three decks of cocaine fell from appellant's undershorts as he removed them. As a result, appellant was charged with and convicted of possession of cocaine.
A minor traffic violation cannot be used as a pretext to search a vehicle for evidence of other crimes. Urquhart v. State, 261 So.2d 535 (Fla.2d DCA 1971). The test for determining whether a traffic arrest which is the basis for seizure of evidence of a serious crime is a "pretext" for the search, as set forth in State v. Holmes, 256 So.2d 32 (Fla.2d DCA 1971), is whether the facts in the case suggest the strong possibility that the arrest was one which would have been made by a traffic officer on routine patrol against any citizen driving in the same manner or whether the arrest was one which would not have been made but for some other motive of the arresting officer.
Further indications that appellant's arrest was pretextual are (1) the fact that Officer Pierce had been told that appellant was a suspected drug user, (2) the extreme thoroughness of the search of appellant's automobile (even the hub caps of the vehicle were removed), and (3) the fact that due *817 to officer Pierce's failure to appear on three different occasions, appellant's traffic charge had not been disposed of some five months after the summons was issued (See Urquhart, supra).
Nothing in the appellant's conduct was sufficient to give Officer Pierce reason to stop him. See Thomas v. State, 297 So.2d 850 (Fla. 4th DCA 1974).
The alleged information provided by Pierce's informants did not give rise to probable cause because of a total lack of specificity as to the time such information was noted or received and an insufficient showing of the reliability of the informants, which would be fatal to the establishment of valid grounds for a search warrant. State v. Mills, 267 So.2d 44 (Fla.2d DCA 1972).
We conclude that the arrest of appellant for driving without a valid driver's license was pretextual and therefore invalid. Appellant's arrest being unlawful, the ensuing searches of appellant's automobile and his person were also unlawful, and the fruits thereof should have been suppressed.
Reversed.
McNULTY, Acting C.J., and SCHOONOVER, JACK R., Associate Judge, concur.