347 So.2d 463 (1977)
STATE of Florida, Appellant,
v.
Manuel BASTARDO, Jr., Appellee.
No. 77-94.
District Court of Appeal of Florida, Second District.
June 29, 1977.
*464 Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellant.
Jack O. Johnson, Public Defender, and Robert H. Grizzard, II, Bartow, for appellee.
OTT, Judge.
The State appeals an order suppressing tangible evidence which the trial court found to be the fruits of an unlawful stop. The State argues that the trial court erroneously applied the more restrictive "probable cause" standard rather than the correct "well-founded suspicion" standard. We agree and reverse for reconsideration.
While on routine night patrol, Deputy Leonard observed the appellee driving an automobile with its trunk lid open. The deputy viewed a television inside the trunk. The appellee further attracted the deputy's attention because the vehicle had Texas license plates and the appellee appeared to be of Mexican descent. Leonard had not, in his six to nine months experience in that area, noticed anyone of Mexican descent living in the area. Leonard followed the appellee until the appellee appeared to be leaving the area at which time Leonard stopped the appellee to find out what appellee was doing in the area and why he had a television in his trunk during the middle of the night. Although the appellee failed to produce a driver's license, the appellee showed Leonard appellee's social security card and gave Leonard the appellee's local address. In the back seat of the appellee's vehicle, Leonard observed a picture, a clock, a radio and an electric can opener. Leonard recorded this information on a report form.
No arrest was made and the appellee was permitted to go on his way.
Later, while investigating a reported burglary, Leonard was informed that a television and a picture, similar to the one that Leonard saw in the back of the appellee's vehicle, were taken. Presumably, this information, together with that recorded on the report form, lead to appellee's apprehension.
Under proper circumstances the police may stop a motor vehicle for reasonable investigation upon something less than probable cause to believe that the occupants have committed a crime. The proper circumstances are those which give rise to a "well-founded suspicion" that the occupants might be involved in criminal activity. State v. Payton, 344 So.2d 648 (Fla.2d DCA 1977); State v. Spanierman, 267 So.2d 102 (Fla.2d DCA 1972). Under such circumstances it is reasonable for an officer to make a reasonable detention of the motorist for the purpose of ascertaining his identity and making inquiry into the circumstances justifiably arousing his suspicion. State v. Othen, 300 So.2d 732 (Fla.2d DCA 1974). Indeed, this is the duty of a good law enforcement officer in detecting and preventing crime.
A portion of the suppression order herein involved states that:
[T]he Court finds that the Deputy C. Leonard stopped and detained the Defendant on a mere suspicion, thus the case of State v. Rhiner [Rheiner] [sic] [Fla.App.], 297 So.2d 130, is controlling and further applying the test of probable cause, Deputy Leonard did not have probable cause to detain the Defendant . . (emphasis supplied)
It is obvious that the trial court applied the probable cause standard. This would not be error if the trial court also determined that the stop failed to satisfy the "well-founded suspicion" test. Thus, the precise issue presented is whether the trial court's use of the phrase "mere suspicion" was intended to mean suspicion less than a "well-founded" suspicion. We think not. We interpret the trial court's use of that phrase to mean that the stop was grounded on "mere" suspicion as compared to probable cause. This interpretation is borne out *465 by the trial court's reliance on the probable cause test applied in State v. Rheiner, 297 So.2d 130 (Fla.2d DCA 1974), which the trial court felt was controlling. In Rheiner this court held that the defendant's arrest was made without probable cause and that evidence seized as a result of a search incident to that arrest should have been suppressed. In the case at bar, there was no arrest requiring probable cause. Under the circumstances here presented, the trial court could justifiably find that the stop was predicated upon a well-founded suspicion. Accordingly, we remand for reconsideration in the light of this opinion and the appropriate standard.
In passing, we are confident that should the trial court find that the stop was made without well-founded suspicion, the trial court will consider the question of what evidence, if any, was actually the fruit of the unlawful stop. The record before us discloses that at least the driver, vehicle, license plate, and the television in the trunk were observed by the officer prior to the stop.
McNULTY, Acting C.J., and GRIMES, J., concur.