RYDER, Judge.
Olen Eugene Gray was charged with grand theft. He filed a motion to suppress evidence claiming unlawful stop and arrest. After hearing, the motion was granted and the State appeals.
The record before us reveals that on February 18, 1978, at about 8:00 p. m., Glades County Deputy Sheriff Tommy Herne observed a pickup truck towing an empty flat-bed trailer along a road flanked by farms. The rig was traveling at an unusually slow rate of speed. Herne also no *138 ticed that one taillight and the tag light was out. The trailer also had no clearance lights which are required. Suspecting something was amiss, Deputy Herne watched through binoculars while the rig made a U-turn, changed directions, and traveled further about a mile. Thereafter, the rig made still another U-turn, and headed back towards the Deputy. This time it stopped before reaching Herne’s position. The rig then stood motionless in the traveling lane of the road for some time. Herne testified he could not see any activity occurring in and about the rig during the period it was motionless as his vision was impaired by the glare of the headlights. Herne was aware of several recent thefts of farming equipment in the area and the unusual activity of the rig reinforced his belief that criminal activity was afoot. As Herne started his car to drive towards the truck, the rig moved in the direction of the Deputy, passing him by. Herne then observed two occupants in the truck cab and that there was a tractor on the previously empty flat-bed trailer.
At that juncture, Herne radioed for a backup unit, turned on his beacon light, pursued and stopped the combine. As soon as the rig came to a stop, the passenger leapt from the truck, ran into an adjoining farm field and disappeared. The driver of the rig, Mr. Gray, was apprehended and arrested by Herne for illegal operating equipment. Herne then gave Gray Miranda warnings. Herne inquired of Gray as to the identity of the passenger who fled. Gray indicated the man was a mere hitchhiker. Strangely and immediately thereafter, however, and without prompting, Gray volunteered information to Herne that the license plate on the trailer was stolen.
The truck, trailer and tractor were then towed to the Glades County Sheriff’s Office whereupon the authorities learned that not only the tag, but the tractor and the trailer were also stolen. In fact, they ascertained the tractor had been situated, prior to its theft, in a field next to the position of the truck where it had tarried so long in the road prior to Herne’s intervention. Later latent investigation disclosed that a fence separating that particular field and the road on which the truck and trailer were stopped had been run over. It is also important to note that the trailer had ramps on it which could be let down for loading purposes.
The point was made that no traffic charges were filed against Gray. No one doubts, however, they could have been validly made. But one muses, why “load up” a suspect with a multitude of charges when one could legally charge one with a more major crime?
The trial judge’s order does not reveal his reasoning for suppressing the use of the truck, tractor, trailer and photographs of these exhibits not previously mentioned as evidence against Gray during his trial.
It would have been improper for Herne to use the missing taillight, tag light or the lack of clearance lights as a pretext to stop the truck and investigate a bare suspicion of illegal activity. Mullins v. State, 366 So.2d 1162 (Fla.1978); Byrd v. State, 80 So.2d 694 (Fla.1955). However, the above facts indicate that Herne first merely observed the vehicle. Gray’s subsequent peculiar driving activity and the sudden appearance of a tractor where none had been a few minutes before, were enough to elevate “intuition” into a well-founded suspicion of criminal conduct which did justify a stop of the truck. State v. Bastardo, 347 So.2d 463 (Fla. 2d DCA 1977); State v. Payton, 344 So.2d 648 (Fla. 2d DCA 1977). No police officer worth his salt would have allowed Gray to have gone sine die under the circumstances. Consequently, Herne’s stop of the truck was proper as was the impounding of the rig in view of the flight of the passenger and Gray’s admission that the trailer tag was stolen.
The trial judge’s order granting Gray’s motion to suppress is, therefore, reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
HOBSON, Acting C. J., and SCHEB, J., concur.