HAVERFIELD, Chief Judge.
Defendant, Lula M. Gordon, appeals the denial of her motion to suppress certain evidence found by the arresting officers during an inventory search of the automobile which she was driving.
The record reflects that Lula Gordon, driver and the sole occupant of an automobile, was stopped by Officers Fernandez and Livingston for a routine driver’s license check. Officer Livingston had previously issued a ticket to Gordon for driving without a valid driver’s license and believed that she had failed to appear in court for that ticket. Officer Fernandez approached and asked Gordon for her driver’s license. She responded that she had no driver’s license and upon being asked if she had a vehicle registration or any other type of identification, she replied in the negative. Thereupon, she was asked to exit the vehicle and Officer Fernandez placed her under arrest. He also checked her purse for any weapons. At about this time a check run by Officer Livingston revealed that Gordon had outstanding bench warrants. Officer Fernandez then asked her if she would sign a waiver stating she would leave the vehicle parked. Gordon did not sign or give a definite answer and he told her that the car would have to be impounded and towed away. Officer Fernandez then proceeded to search the front seat for weapons and make an inventory search when he discovered twenty-two tinfoil packets containing heroin on the sun visor. After the search but before the arrival of the tow truck, some friends appeared on the scene and offered to drive the car away. Fernandez told them it was too late. Subsequently Gordon was charged with possession of heroin. She pled not guilty and moved to suppress the evidence which she argued was the product of an unreasonable warrantless search. After a hearing, the trial judge denied the motion. Thereupon, Gordon withdrew her not guilty plea and tendered a plea of nolo contendere, specifically reserving the right to appeal the denial of the motion to suppress. The judge accepted the plea, entered a finding of guilty, withheld adjudication and placed Gordon on two years probation. This appeal from the denial of her motion to suppress ensued.
The prime consideration in determining the validity vel non of an inventory search is whether the police acted in good faith and did not use the inventory procedure as a subterfuge for a warrantless search of the vehicle. Altman v. State, 335 So.2d 626 (Fla.2d DCA 1976). As Judge McNulty in Godbee v. State, 224 So.2d 441 (Fla.2d DCA 1969) succinctly explained:
“. . . The reasonableness of any search without a warrant is measured from the standpoint of the conduct of the searchers. If their conduct is in some way reprehensible; or if they precipitate a search and are motivated therein solely by a desire to ‘hunt’ for incriminating evidence; or if they do so without any plausible explanation or justification; the invasion is an unreasonable one . . ” 224 So.2d at 443.
In the case at bar the facts demonstrate that the officers acted in good faith. Lula Gordon was arrested for driving without a valid license. She had no other iden *61 tification. When given the option of signing a waiver and leaving the vehicle parked, she did not sign the waiver or give a definite answer. The arresting officers then informed her that they had no other alternative but to impound the vehicle and have it towed. She did not object. Pursuant to routine police procedure, an inventory search was made and located in plain view on the visor were the packets of heroin. Thus, we conclude this evidence was not the product of an unreasonable search. Cf. State v. Bastardo, 347 So.2d 463 (Fla.2d DCA 1977); Godbee v. State, 224 So.2d 441 (Fla.2d DCA 1969), supra; Gagnon v. State, 212 So.2d 337 (Fla.3d DCA 1968), and South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976).
Affirmed.