GRIMES, Chief Judge.
By this appeal, the state challenges the standard used by the trial court in granting the defendants’ motions to suppress.
The state filed an information charging defendants Baxter and Hamilton with burglary and grand theft. Thereafter both defendants filed motions to suppress evidence, and defendant Hamilton also filed a motion to suppress a confession. At the hearing on these motions, Polk County Sheriff’s Deputy Merle Bullard testified that while on patrol he had spotted the two defendants driving a truck through rural Polk County in the early hours of March 2, 1979, under what he considered to be suspicious circumstances. He stopped them, and after further investigation which produced Hamilton’s confession, he arrested them. Following Bullard’s testimony, the court heard argument and granted the motions, solely on the ground that the stop of the defendants had been illegal.
It is evident from statements which the judge made at the hearing that he believed that the issue before him was whether Deputy Bullard had probable cause to make the stop. The state contends that in applying a probable cause standard the court erred. We agree. In determining whether a law enforcement officer may legally stop a motor vehicle for investigation in a particular situation, the question is not whether the officer had probable cause but whether there were circumstances which would give rise to a “well-founded suspicion” of criminal activity. State v. Bastardo, 347 So.2d 463 (Fla.2d DCA 1977); State v. Payton, 344 So.2d 648 (Fla.2d DCA 1977).
*1340 Accordingly, as we did in Payton and Bastardo, we reverse the order of the trial court and remand the case for reconsideration of the evidence under the appropriate legal standard.
HOBSON and SCHEB, JJ., concur.