BOARDMAN, Judge.
The state appeals an order suppressing a pistol which the trial court found to be the fruit of a stop not based upon a founded suspicion. The state argues that the unre-futed testimony of the deputy who made the stop does not support the trial court’s finding. We agree and reverse.
Appellee was charged with carrying a concealed weapon. He moved to suppress the evidence. At the hearing on appellee’s motion, Deputy Phillips testified that while on routine patrol, he observed appellee’s automobile leaving a deserted county road on which was located a landfill and a multistory construction site. It was Sunday, and the deputy was aware that the landfill was closed and that no one was working on the construction site. Phillips observed what appeared to be lumber protruding out of the back of appellee’s vehicle, and he felt that possibly the lumber had been taken from the construction site.
The evidence clearly establishes that the deputy had a founded suspicion of criminal activity. It was therefore reasonable for him to make an investigatory stop and to temporarily detain appellee to ascertain his identity and inquire into the circumstances arousing the deputy’s suspicion. State v. Bastardo, 347 So.2d 463 (Fla. 2d DCA 1977). When appellee responded that he had been target practicing, it was reasonable for Phillips to inquire into the presence of any weapons, which led to appellee’s disclosure of the pistol, which he was carrying in a concealed ankle holder.
Accordingly, the trial court’s order is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
HOBSON, Acting C. J., and OTT, J., concur.