483 So.2d 461 (1986)
STATE of Florida, Appellant,
v.
Mark Lurue IRVIN, Appellee.
No. 85-1141.
District Court of Appeal of Florida, Fifth District.
February 6, 1986.
*462 Jim Smith, Atty. Gen., Tallahassee, and Richard B. Martell, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellee.
SCHWARTZ, A.R., Associate Judge.
It is an established principle that only the objective basis which may support particular police conduct, rather than the officer's subjective intent or belief, is pertinent to determining the propriety of the action in question. See Scott v. United States, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978); Brezial v. State, 416 So.2d 818 (Fla. 4th DCA 1982); State v. Perera, 412 So.2d 867 (Fla. 2d DCA), review denied, 419 So.2d 1199 (Fla. 1982); Thomas v. State, 395 So.2d 280 (Fla. 3d DCA 1981). Thus, that the police may have wished or even intended to detain a suspect for another reason does not invalidate an apprehension which follows the commission of a traffic or other offense which would subject any member of the public to a similar detention.[1]Bascoy v. State, 424 So.2d 80 (Fla. 3d DCA 1982); Crummie v. State, 367 So.2d 1106 (Fla. 3d DCA 1979); State v. Turner, 345 So.2d 767 (Fla. 4th DCA 1977); State v. Holmes, 256 So.2d 32 (Fla. 2d DCA 1971). Applying these principles, we reverse the order under review which, on the finding that the officers would have (unjustifiably) detained the appellant driver for questioning on drug charges in any event, suppressed contraband found in the car after it was stopped for going 70 miles per hour in a 50-mile-per-hour zone.[2],[3]See also Mahla v. State, 383 So.2d 730 (Fla. 1st *463 DCA), review denied, 389 So.2d 1112 (Fla. 1980); Urquhart v. State, 261 So.2d 535 (Fla. 2d DCA 1971), cert. denied, 266 So.2d 349 (Fla. 1972).
The law rarely, if ever, ascribes consequences to bad thoughts alone. In this situation, the officers' putatively unlawful intentions, like the proverbial tree falling in the unoccupied forest, had no cognizable effect. Regardless of what they would have done, the police could validly have stopped the defendant only if he committed an illegal act. On the other hand, since Irvin in fact did so, he may not be excused from that misconduct merely because the officer might have arrested him anyway.[4]Holmes.
REVERSED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] See infra note 2.
[2] The apprehending officer testified, and there is otherwise no dispute that the extent of the excess speed was such that, in the formulation of the Holmes opinion, "any citizen would routinely be stopped" for the offense. (Emphasis added.) 256 So.2d at 34. We thus need not decide whether the "objective basis" rule (see infra note 4) we apply here would also control if, as in the case of doing 56 on an interstate, one would not ordinarily be stopped but there is an appropriate basis upon which he lawfully could be.
[3] After the vehicle was pulled over, it was discovered that Irvin was driving with a suspended license and he was thereupon properly arrested for that crime. Our approval of the initial stop thus itself validates the search which uncovered the contraband as one properly undertaken incident to the arrest. New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981). Because of this, we do not pass on whether the search might have been sustained on other grounds suggested by the record, even if we agreed that the stop was unjustified. Specifically, we express no opinion as to whether an invalid stop would have tainted the express consent to search allegedly given by the owner of the vehicle, who was a passenger at the time; see Norman v. State, 379 So.2d 643 (Fla. 1980); State v. Scott, 481 So.2d 40 (Fla. 3d DCA 1985); or whether, even if it did, Irvin had standing to challenge the validity of the consent. Cf., State v. Scott, supra.
[4] We have quite deliberately avoided putting the issue before us in the familiar terms of whether the stop was "pretextual" in nature. This is because we fully agree with Judge Mann's views in Holmes that such an inquiry is not only essentially irrelevant to the proper ones, which are the existence and validity of any asserted objective grounds for the detention, cf. Diggs v. State, 345 So.2d 815 (Fla. 2d DCA), cert. denied, 353 So.2d 679 (Fla. 1977), but that even phrasing the question in that subtly pejorative fashion may skew the result.