515 So.2d 1343 (1987)
Ronald Harry WILHELM, Appellant,
v.
STATE of Florida, Appellee.
No. 87-709.
District Court of Appeal of Florida, Second District.
November 20, 1987.
Raymond R. Pines, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
On October 29, 1986, while Officer Singgleton and Officer Sloggett were parked in front of a Tampa bar chatting with the bar's bouncer, appellant drove past the bar prompting the bouncer to tell the officers that appellant had recently been banned from the bar for selling drugs. The officers decided to follow appellant to conduct a Field Interrogation Report (F.I.R.).
The officers followed appellant for seven blocks hoping appellant would commit a traffic infraction so that they could stop and question him. Appellant's driving, however, was without incident. The officers noticed that one of appellant's four taillights was inoperable. They stopped appellant. As all parties exited their vehicles, a third officer, Officer Borden, arrived.
While Officer Singleton spoke with appellant and examined his license, the other two searched appellant's vehicle by shining the beams of their flashlights into the vehicle's windows. One or both of the officers observed what they believed to be the butt of a hand-rolled cigarette on the floor of the front seat. Officer Sloggett saw what he believed to be a marijuana seed on the front seat of the car.
Officer Borden approached appellant and without advising him of his rights questioned him about his smoking habits. The officer asked him whether he smoked and if so whether he rolled his own cigarettes. He replied that he smoked but that he did not roll his own cigarettes. Based upon appellant's answers to these questions, the officers returned to appellant's car, opened *1344 the doors, and continued their search. The officers found several butts of hand-rolled cigarettes and two full-length rolled cigarettes in the ashtray. They also found a nylon zippered bag on the back seat of the car. The officers opened and searched the bag. The officers found approximately sixty grams of marijuana inside the bag. The officers arrested the appellant.
Appellant moved to suppress the evidence seized. At the suppression hearing, the trial judge learned that the officers had known the bouncer for only three days. The bouncer was not able to provide the officers with appellant's name or with the date that appellant was banned from the bar. The officers stated that although the bouncer was cooperative they did not know the reliability of his information.
In their depositions, the officers explained that their sole reason for stopping appellant was to conduct a F.I.R. The arrest affidavit indicated that appellant was stopped for "Field Interrogation purposes". The officers' offense report stated that appellant's left taillight was "partially out".
The trial court recognized the suspect nature of the stop, but denied appellant's motion to suppress the seized evidence. The trial court held that if appellant had committed a traffic infraction, the inoperable taillight, the stop may have been justified. The trial court entertained appellant's plea of no contest specifically allowing and reserving for appellant his right to appeal the court's decision.
On appeal, appellant argues that the trial court erred in denying his motion to suppress. We agree.
As was stated in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), "[t]he Fourth Amendment provides that `the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated... .' This inestimable right of personal security belongs as much to the citizen on the streets of our cities as to the homeowner closeted in his study to dispose of his secret affairs ... `the Fourth Amendment protects people, not places.'"
"The police must whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure." Terry, 88 S.Ct. at 1879. In the instances where the police must act swiftly without a warrant, the reasonableness of the search and seizure will be determined by "balancing the need to search against the invasion which the search entails". Terry, 88 S.Ct. at 1879. At the suppression hearing, the police officer must be able to "point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry, 88 S.Ct. at 1880.
To make a valid investigatory stop of an automobile, the officer must have a "founded" or reasonable suspicion that the person has committed, is committing, or is about to commit a criminal offense. Teresi v. State, 506 So.2d 46 (Fla. 2d DCA 1987); Kayes v. State, 409 So.2d 1075 (Fla. 2d DCA 1981); Codie v. State, 406 So.2d 117 (Fla. 2d DCA 1981); § 901.151, Fla. Stat. (1985). A mere or bare suspicion is never sufficient. State v. Ecker, 311 So.2d 104 (Fla. 1975); Williams v. State, 454 So.2d 737 (Fla. 2d DCA 1984); State v. Hager, 445 So.2d 1114 (Fla. 2d DCA 1984); Wilson v. State, 433 So.2d 1301 (Fla. 2d DCA 1983). The officer's suspicion must be founded upon observed facts interpreted in light of the officer's knowledge, training, and practical experience. Williams at 739.
A minor traffic violation cannot be used as a pretext to stop a vehicle and to search it for evidence of violation of other laws. State v. Gustafson, 258 So.2d 1 (Fla. 1972); Smith v. State, 167 So.2d 225 (Fla. 1964); Byrd v. State, 80 So.2d 694 (Fla. 1955); Collins v. State, 65 So.2d 61 (Fla. 1953); Brown v. State, 62 So.2d 348 (Fla. 1952); Graham v. State, 60 So.2d 186 (Fla. 1952); Burley v. State, 59 So.2d 744 (Fla. *1345 1952); State v. Ogburn, 483 So.2d 500 (Fla. 3d DCA 1986); State v. Campbell, 438 So.2d 1030 (Fla. 1st DCA 1983); Bascoy v. State, 424 So.2d 80 (Fla. 3d DCA 1983); State v. Gray, 366 So.2d 137 (Fla. 2d DCA 1979); Raleigh v. State, 365 So.2d 1048 (Fla. 4th DCA 1978); Diggs v. State, 345 So.2d 815 (Fla. 2d DCA 1977); State v. Turner, 345 So.2d 767 (Fla. 4th DCA 1977); Porchay v. State, 321 So.2d 439 (Fla. 1st DCA 1975); Kelly v. State, 321 So.2d 98 (Fla. 1st DCA 1975); State v. Holmes, 256 So.2d 32 (Fla. 2d DCA 1972).
In the instant case, the trial court denied appellant's motion to suppress the seized evidence because the court held that the evidence may have been properly seized pursuant to a valid stop for a traffic infraction, an inoperable tail light. However, section 316.221, Florida Statutes (1985), provides in pertinent part:
(1) Every motor vehicle ... shall be equipped with at least two taillamps mounted on the rear, which, when lighted as required in s. 316.217, shall emit a red light plainly visible from a distance of 1,000 feet to the rear, except that passenger cars and pickup trucks manufactured or assembled prior to January 1, 1972, which were originally equipped with only one taillamp shall have at least one taillamp. .. .
Officer Sloggett testified that appellant's vehicle had four taillights, only one of which was inoperable. Thus, appellant had not committed a traffic infraction. Appellant was stopped, as the officers readily admitted, for a field interrogation. The officers used the inoperable taillight as a "pretext" to stop appellant's vehicle and to search it for evidence of violation of other laws. The evidence was unlawfully seized and, accordingly, must be suppressed.
The state's reliance on Bascoy and Holmes is misplaced. Both Bascoy and Holmes involved situations where the individuals stopped had committed offenses "of a nature for which any citizen would have been arrested." The stops for traffic infractions in those cases were not pretexts.
Reversed.
SCHEB, A.C.J., and THREADGILL, J., concur.