524 So.2d 1102 (1988)
Lenny BROOKS a/K/a Darryl Johnson, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-1887.
District Court of Appeal of Florida, Third District.
May 10, 1988.
*1103 Flynn & Tarkoff and Michael Tarkoff, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Margarita Muina Febres, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and HENDRY and FERGUSON, JJ.
PER CURIAM.
These appeals are brought from two convictions and concurrent seven year sentences in two separate cases charging possession with intent to sell cocaine. The defendant entered pleas of nolo contendere to the offenses reserving the right to appeal the denial of motions to suppress filed in both cases. We reverse one conviction and sentence and affirm the other.
In one case two police officers were patrolling an area of Miami known for drug trafficking. The officers saw the defendant drive his car away from a suspected base house and accelerate suddenly, causing gravel to fly over the road. According to the officers the tires made a "screeching" noise when they hit the pavement. Brooks was pulled over by the officers to be ticketed for "an improper start." The officers arrested Brooks for failing to produce a driver's license. Subsequent events led to a search of the vehicle's trunk where bags of rock cocaine were found.
The police attempted to stop Brooks three weeks later when Brooks ran a stop sign. After the marked police unit turned on its emergency lights, Brooks stopped in the middle of the intersection, opened the car door and fled along with a companion. Brooks was apprehended within minutes and placed under arrest for driving without a license. A search of the vehicle uncovered 400 cocaine rocks. He was charged with the second narcotics offense.
The first case is controlled by Kehoe v. State, 521 So.2d 1094 (Fla. 1988), which invalidated a search as pretextual where the officers had another motive for the stop that was not based on a founded suspicion of criminal activity and the detention was for a traffic infraction for which an arrest would not otherwise have been made. But for the unfounded suspicion that Brooks was involved with illegal drugs, he would not have been detained for an improper start of a motor vehicle which had traveled all of ten yards.
As to the second case, we hold that there is no reasonable expectation of privacy in property abandoned in a public street in an attempt to avoid a police search. See State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979), cert. dismissed, 383 So.2d 1200 (Fla. 1980), and State v. Lawson, 394 So.2d 1139 (Fla. 4th DCA 1981) (defendant had no reasonable expectation of privacy in car abandoned in "no loitering" zone).
Accordingly, we reverse the conviction and sentence arising out of the first police stop, affirm the conviction and sentence for the second narcotics offense, and remand for resentencing.