533 So.2d 321 (1988)
James Sidney CLEMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-860.
District Court of Appeal of Florida, Fifth District.
November 10, 1988.
*322 James K. Freeland of James K. Freeland, P.A., Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and W. Brian Bayly, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The issue is whether the defendant below, James Sidney Clemons, was entitled to suppression of evidence (cocaine) because it was the product of a pretextual stop of the vehicle he was occupying. The trial judge denied the motion to suppress on the basis of our decision in State v. Irvin, 483 So.2d 461 (Fla. 5th DCA), review denied, 491 So.2d 279 (1986).
The trial judge interpreted Irvin to mean that a stop is valid so long as any traffic infraction actually is observed by a police officer, even though the "real reason" (i.e., motivation) for the stop is police suspicion of drug activity. This interpretation of Irvin is overly simplistic. In that case, we specifically did not decide whether the "objective basis" rule would control in a situation where "one would not ordinarily be stopped but there is an appropriate basis upon which he lawfully could be stopped." Irvin, n. 2 at 462. Such a determination was unnecessary in Irvin because of the officer's testimony in that case that the defendant's excess speed was such that "any citizen would routinely be stopped" for the offense, and there clearly was no dispute that any citizen would have been routinely stopped under the circumstances involved in that case. Irvin, n. 2 at 462.
The issue which we found unnecessary to resolve in Irvin, in regard to the controlling effect of the "objective basis" rule, has now been decided in Kehoe v. State, 521 So.2d 1094 (Fla. 1988). Therein, the Florida Supreme Court adopted the view that neither the subjective intent of the arresting officer nor the objective existence of a bare legal basis for the stop is controlling. The appropriate analysis turns on whether a reasonable officer would (not could) have stopped the car absent an additional invalid purpose.
In the instant case, there was testimony from the arresting officer that the traffic infraction (impeding the flow of traffic) was such that it would ordinarily have resulted in a stop. That testimony, however, was neither credited nor discredited by the trial judge, who felt that, pursuant to his understanding of Irvin, such a determination was unnecessary. Unlike the facts in Irvin, it is not readily apparent from the instant record that no dispute exists as to whether or not the Clemons vehicle would have been routinely stopped absent the drug suspicions of the police officers.
Accordingly, we reverse and remand for rehearing in light of the controlling legal principles enunciated in Kehoe.
REVERSED AND REMANDED.
DAUKSCH and DANIEL, JJ., concur.