538 So.2d 1278 (1989)
Carlos R. PORCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1064.
District Court of Appeal of Florida, Fifth District.
January 26, 1989.
Rehearing Denied March 8, 1989.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Pamela D. Cichon, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an order denying suppression of evidence. Appellant was northbound on Interstate 95 in his car when he was stopped by a deputy sheriff who was called to do so by another deputy who was in an unmarked vehicle. The deputy in the unmarked vehicle was involved exclusively in drug investigation at *1279 the time appellant was stopped. After he was stopped appellant was investigated and interrogated by the drug deputy and a search ensued and drugs were seized. The trial judge found that the stop was not "entirely pretexural" or "primarily pretexural." The deputy who actually made appellant stop his car did not testify, but it is clear that deputy only stopped the car upon the request of the drug deputy who did testify. It is also clear that this drug deputy was in an unmarked vehicle, was not involved with traffic stops and was solely involved in drug investigation. While appellant was allegedly following other traffic too closely and he was purportedly pulled over for that violation the record discloses the real reason he was detained was to see if he was in possession of drugs. Pretextual stops are violative of the unlawful search and seizure provisions of the state and federal constitutions. Wilhelm v. State, 515 So.2d 1343, 1344 (Fla. 2d DCA 1987). The state failed to show, absent the pretextual basis, that under the circumstances a reasonable officer would have stopped the appellant's vehicle. Kehoe v. State, 521 So.2d 1094 (Fla. 1988). This was a pretextual stop and all that flowed from that stop is tainted with the unlawful police conduct. Brooks v. State, 524 So.2d 1102 (Fla. 3d DCA 1988).
The order denying suppression is reversed, the conviction is reversed and appellant discharged.
REVERSED.
ORFINGER, J., concurs.
SHARP, C.J., concurs specially with opinion.
SHARP, Chief Justice, concurring specially.
In my view, the state could have prevailed in this case had it produced Deputy Rischito, who stopped Porcher's car. Deputy Scragg, who was driving an unmarked car and was specifically assigned to a drug interdiction program, testified that he observed Porcher following a truck too closely, which would have justified a traffic stop. § 316.0895, Fla. Stat. (1987). He radioed Deputy Rischito this information but he did not know why Deputy Rischito stopped the car. Deputy Rischito later gave Porcher a citation for driving with an expired tag, but admittedly that was not the reason for the stop.
After the stop was made, Porcher handed Deputy Scragg a bag containing cannabis which created probable cause to arrest him and search the vehicle. Thus, the validity of the traffic stop was vital in this case and it was not sufficiently established by proof at trial. I quite disagree with the majority opinion that the stop here was solely "pretextual" and thus in violation of the mandate set forth in Kehoe v. State, 521 So.2d 1094 (Fla. 1988). The state simply failed to prove a valid basis to stop Porcher's car.