543 So.2d 298 (1989)
Dwight Maurice MONROE, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2067.
District Court of Appeal of Florida, Fifth District.
April 27, 1989.
Rehearing Denied May 25, 1989.
James B. Gibson, Public Defender and Barbara C. Davis, Asst. Public Defender, Daytona Beach, for appellant.
*299 Robert A. Butterworth, Atty. Gen., Tallahassee and Laura Griffin and Robin Compton, Asst. Attys. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Reserving his right to appeal the denial of his motion to suppress, the appellant pleaded nolo contendere to one count of possession of cocaine with intent to deliver and one count of carrying a concealed weapon. Appellant contends on appeal that the evidence was found as the result of an illegal search.[1] We agree and reverse.
Officer Escaravage, the only witness to testify at the suppression hearing, was on a special drug task force the night he arrested defendant, who was a passenger in a vehicle that repeatedly circled the blocks around a lounge known for high crime and drug trafficking. This aroused the officer's suspicion and he began to follow the vehicle. He conceded that he had no indication of criminal activity by the occupants of the car, but his suspicions caused him to follow the car, waiting for an opportunity to make a stop. Finally, the officer observed a bald tire on the vehicle, so he stopped the vehicle to find out the identity of the driver and to advise him of the traffic violation. The occupants were removed from the vehicle. As defendant exited the car, he threw a coin purse and pill bottle on the ground under the car. Both containers held rock cocaine. The driver gave permission to search the vehicle, which search yielded the handgun.
Appellant argues that stopping the vehicle for a bald tire was only a pretext for a search, because the officer's real motivation was to determine if the occupants in the car were doing anything illegal and there was no founded suspicion of illegal activity. In Kehoe v. State, 521 So.2d 1094 (Fla. 1988) the court resolved the conflict between the various district courts and adopted the approach of United States v. Smith, 799 F.2d 704 (11th Cir.1986) to so-called "pretextual" traffic stops, holding that the subjective intent of the officer in making the stop was not controlling. Instead, "[t]he existence of a fourth amendment violation `turns on an objective assessment of the officer's actions in light of the facts and circumstances confronting him at the time.'" (Citation omitted). Kehoe, 521 So.2d at 1096. In other words, the appropriate analysis is not whether the officer could have stopped the car, but whether a reasonable officer would have stopped the car absent another invalid purpose. Id. See also Porcher v. State, 538 So.2d 1278 (Fla. 5th DCA 1989). Here, there was no founded suspicion of criminal activity which would justify the stop. Neither did the State carry its burden of demonstrating that a reasonable officer on drug patrol would have made a traffic stop for a bald tire, absent another invalid purpose, under the facts and circumstances present here. The evidence should have been suppressed.
The convictions are reversed and the case is remanded with directions to discharge the defendant.
REVERSED and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] Defendant has standing to object to the stop of the vehicle in which he was riding because that stop resulted in his seizure. State v. Montano, 527 So.2d 916 (Fla. 3d DCA 1988); Adams v. State, 523 So.2d 190 (Fla. 1st DCA 1988).