PETERSON, Judge.
Appellant, C.V.H., entered a plea of nolo contendere to the charge of one count of possession of cocaine but specifically reserved his right to appeal the court’s denial of his motion to suppress.
The facts of this case are very similar to those described in Monroe v. State, 543 So.2d 298 (Fla. 5th DCA 1989). Officer Gordon Gibb, the only witness to testify at the suppression hearing, was assigned to a special investigation division (narcotics). He testified that, at approximately 4:50 p.m. on October 12, 1988, he observed C.V.H. exit a Lincoln Continental and enter a pickup truck while both vehicles were parked at a gas station. Approximately two minutes later, C.V.H. re-entered the Lincoln, and that vehicle, operated by a young female, exited the gas station premises. Gibb followed in an unmarked vehicle. Gibb noticed that a piece of duct tape partially obscured one of the letters of the Lincoln’s license plate. After several miles, the Lincoln arrived at an apartment house and backed into an assigned parking space. Both occupants remained in the vehicle. Gibb and a fellow officer maintained their surveillance from their automobile and noticed two bicyclists stop at the Lincoln. One of the bicyclists leaned over the driver’s window, engaged the occupants in conversation, and pointed at Gibb. Gibb identified the person on the bicycle from previous interrogation encounters and suspected that the person was involved in illegal drug transactions. The bicyclists and the Lincoln then departed the apartment house parking area. Gibb followed the Lincoln, radioed for backup, and had an officer in a marked patrol unit stop the Lincoln for the license plate infraction. Gibb, his companion, and the backup officer approached the Lincoln, ordered both passengers out of it, and began interrogating C.V.H. about one of the bicyclists. C.V.H. was then asked if the Lincoln could be searched and then his person. Consents were given to both requests with negative results. It was not until C.V.H. was requested to remove his shoe that pieces of rock cocaine were found therein.
There was no evidence presented that would establish that Gibb or any other police officer would ordinarily have stopped the Lincoln for the license plate infraction. Gibb admitted that he could have pulled the Lincoln over for the traffic infraction when originally noticed but did not do so until his suspicions were aroused when the bicyclist, an illicit drug transaction suspect, engaged in conversation with the occupants of the parked Lincoln.
The state acknowledges the applicability of the line of cases [1] requiring a showing that under the facts and circumstances a reasonable officer would have stopped the vehicle in the absence of an invalid purpose. The state also acknowledges that it failed to carry that burden.
The order denying suppression is reversed with directions to terminate the community control program imposed upon the appellant.
REVERSED.
COBB and GRIFFIN, JJ., concur.

. Kehoe v. State, 521 So.2d 1094 (Fla.1988); Clemons v. State, 533 So.2d 321 (Fla. 5th DCA 1988); Porcher v. State, 538 So.2d 1278 (Fla. 5th DCA 1989); and Monroe v. State, 543 So.2d 298 (Fla. 5th DCA 1989).