560 So.2d 1370 (1990)
STATE of Florida, Appellant,
v.
Larry Eugene GIBSON and John Oliver Riley, Appellees.
No. 89-486.
District Court of Appeal of Florida, Fifth District.
May 10, 1990.
Robert A. Butterworth, Atty. Gen., Tallahassee, and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Michele A. Lucas, Asst. Public Defender, Daytona Beach, for appellees.
COBB, Judge.
We are once again confronted with a Kehoe question: was a warrantless stop of a vehicle one which a reasonable officer would have made absent an additional invalid purpose? See Kehoe v. State, 521 So.2d 1094, 1097 (Fla. 1988); Clemons v. State, 533 So.2d 321 (Fla. 5th DCA 1988).
Unlike Clemons, wherein the trial judge had neither credited nor discredited the testimony of the arresting officer, the trial judge in the instant case specifically found:
That the evidence presented in this cause by the witnesses who testified herein (i.e., the arresting officer and an assisting officer) is accepted by the Court as a credible and true account of the facts here in issue regarding the stop and subsequent search of the defendants and their vehicle.
In Kehoe the facts revealed that Kehoe was stopped by the police because of their suspicion of drug activity; it was only after their decision to stop him that the police discovered a bent license tag. Therefore, the Florida Supreme Court found that "it is unlikely that a reasonable officer would have stopped Kehoe solely for this violation (the bent tag)." The supreme court then adopted the test: "The state must show that under the facts and circumstances a *1371 reasonable officer would have stopped the vehicle absent an additional invalid purpose." Ironically, in Kehoe the additional purpose for the stop (i.e., suspicion of drug activity) was held to be valid, given the cumulative circumstances perceived by the officers prior to the arrest.
In the instant case the arresting officer, who was on general patrol at the time, testified that it was the normal practice to stop vehicles with defective muffler systems if traffic and priorities permitted, as in this instance.[1] It was uncontroverted that the arresting officer heard the "extremely loud" muffler prior to the stop. There was no evidence adduced by the defense to indicate that a reasonable officer would not stop a vehicle with a defective muffler where the circumstances permitted. We can take judicial notice that such stops are common, unlike a "bald tire" offense[2] or a "following too close" offense.[3] If the arresting officer's testimony was true in regard to the normal (hence, reasonable) practice of the police, as was found by the trial court, then the stop was not pretextual. Therefore, the subsequent legal finding by the trial court that the stop was pretextual is without factual support in the record and is totally inconsistent with the trial court's factual finding that the arresting officer's testimony was credible and true.
The trial court expressly did not address the issue of the validity of the defendants' consent to search the vehicle, so that issue remains for determination by the trial court after remand.
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] See § 316.272(1), Fla. Stat. (1989).
[2] See Monroe v. State, 543 So.2d 298 (Fla. 5th DCA 1989).
[3] See Porcher v. State, 538 So.2d 1278 (Fla. 5th DCA 1989).