COBB, Judge.
We are once again confronted with a Kehoe[1] issue. One police officer (Locke) stopped a vehicle upon receipt of radio information from another officer (Thames) that the latter had a drug case to make against a passenger in the car, the defendant, Smith. Locke testified at the suppression hearing, as did a fellow officer, Pederson — but Thames was not present at the hearing. Locke testified that he saw the vehicle “roll through a stop sign as it was making a right-hand turn.” He indicated he would have stopped the vehicle in any event because of the radio message from Thames, and candidly admitted that rolling through the stop sign “did not make a difference” in regard to his decision to make the stop. Neither Locke nor Peder-son testified that, absent the message from Thames, they would have stopped the vehicle for the traffic infraction. Cf. State v. Gibson and Riley, 560 So.2d 1370 (Fla. 5th DCA 1990). No traffic charge was made against the driver. Smith was questioned by Thames, who arrived on the scene after the stop, and subsequently arrested and searched.
Neither Locke nor Pederson supplied any basis for the stop, other than the pretextual one. It is possible that Thames could have provided probable cause, but he was not at the hearing. Under Kehoe, we have no alternative but to reverse the conviction for possession of cannabis based upon the improper, and dispositive, denial of the suppression motion. See also, Monroe v. State, 543 So.2d 298 (Fla. 5th DCA 1989); Porcher v. State, 538 So.2d 1278 (Fla. 5th DCA 1989).
REVERSED AND REMANDED.
DAUKSCH and COWART, JJ., concur.

. Kehoe v. State, 521 So.2d 1094 (Fla.1988).