## PILLOW v STATE OF FLORIDA

Case No. 90-7-AM (Lower Court Case Nos. 90-10644TT-42-L and 90-1161-MM-42-L)

Fifth Judicial Circuit, Lake County

April 1, 1991

### APPEARANCES OF COUNSEL

**Michelle T. Morley, Esquire,** for appellant.

**James F. Feuerstein,** Assistant State Attorney, for appellee.

Before McNEAL, BOOTH, SINGELTARY, JJ.

### OPINION OF THE COURT

PER CURIAM.

The officer stopped Teresa L. Pillow for having a cracked tail light lens, discovered her driver's license was suspended, and searched her vehicle, finding drug paraphernalia. This situation presents a *Kehoe* question. Was the warrantless stop of the vehicle one which a reason-

able officer would have made absent the additional invalid purpose? *See Kehoe v State,* 521 So.2d 1094, 1097 (Fla. 1988). The officer testified that he "typically responded in the same manner" to defective equipment similar to a tail light. There is nothing in the record that refutes the officer's statement. *See State v Gibson,* 560 So.2d 1370 (Fla. 5th DCA 1990) ("normal practice" to stop cars with loud mufflers).

AFFIRMED. McNEAL, R., BOOTH, J., SINGELTARY, G., concur.