PER CURIAM.
The defendant appeals the denial of a motion to suppress claiming a law enforcement officer’s stop of the motor vehicle the defendant was operating on a public road without headlights was pretextual and citing Kehoe v. State, 521 So.2d 1094 (Fla.1988), Monroe v. State, 543 So.2d 298 (Fla. 5th DCA 1989) and State v. Gibson, 560 So.2d 1370 (Fla. 5th DCA 1990).
Section 316.217, Florida Statutes, provides that every vehicle operated upon highways within this state shall display lighted lamps and illuminating devices from sunset to sunrise and at certain other times. We hold as a matter of law that, with or without any subjective suspicions as to any other criminal activity, a reasonable law enforcement officer with the duty or authority to enforce traffic laws of this state should, and would, stop a vehicle moving on the highway at night without lighted headlights to remind, or to warn, or to give a traffic citation, and that after such a stop the officer has the legal right and duty to seize contraband in the vehicle in plain view of the officer from outside the vehicle.
The trial court’s findings of fact and reasonable conclusions of fact relating to *1106 the stop and seizure come to this court with a presumption of correctness.
AFFIRMED.
SHARP, W., COWART and HARRIS, JJ., concur.