PATTERSON, Judge.
The appellant challenges his conviction for possession of cocaine, contending that his motion to suppress should have been granted. We agree and reverse.
At 2:45 a.m. on June 29, 1990, Officers Blaine and Graham of the Sarasota Police Department observed the appellant, a white man seated in the passenger seat of a car, talking to two black males. The black males walked away and returned to the car twice. The driver of the car, a white female, then pulled away and made a right turn without using a turn signal. The officers followed the car for eleven blocks and then stopped it based on the traffic violation. While Officer Blaine talked to the driver, Graham ordered the appellant from the car. When the appellant opened the door, Graham observed a piece of rock cocaine between the door and the passenger seat, which was the basis for the appellant’s arrest.
*543 The appellant has standing to challenge the stop. See Wulff v. State, 533 So.2d 1191 (Fla. 2d DCA 1988). Based on their observations, the officers suspected that a drug transaction had occurred. These observations, however, provide no well-founded suspicion of criminal activity which could support a detention. Notwithstanding, the stop can be sustained if a reasonable officer would have stopped the car absent the additional invalid purpose. Kehoe v. State, 521 So.2d 1094 (Fla.1988). On this issue Blaine was asked if he usually stopped vehicles for failing to use a right-turn signal. He responded, “Not an everyday occasion, but I have used it to pick up on DUI’s before.” This concession, together with the fact that the officers followed for eleven blocks before making the stop, renders the stop pretextual and unauthorized. See Whitfield v. State, 559 So.2d 84 (Fla. 3d DCA 1990); C.V.H. v. State, 556 So.2d 1235 (Fla. 5th DCA 1990).
REVERSED.
DANAHY, A.C.J., and PARKER, J., concur.