DIAMANTIS, Judge.
The circuit court entered an order quashing the suspension of Bradford James Thompson’s driver’s license, ruling that the state failed to establish that the traffic stop which resulted in Thompson’s arrest was lawful. We grant the state’s petition for certiorari review and quash the circuit court order.
Thompson’s driver’s license was suspended because he refused to take a breath test. Section 322.2615(7)(b), Florida Statutes (1991), restricts the review of a license suspension for refusal to take a breath test to consideration of four issues: (1) whether the law enforcement officer had probable cause to believe that the person was driving or in actual physical control of a motor vehicle in this state while under the influence of alcoholic beverages or controlled substances; (2) whether the person was placed under lawful arrest for a violation of section 316.193; (3) whether the person refused to submit to any test after being requested to do so; and (4) whether the person was advised of the consequences of a refusal. See also Conahan v. Department of Highway Safety & Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993).
The hearing officer concluded that Thompson’s arrest was lawful. On review, the circuit court disagreed and ruled that the state failed to establish that the arrest was the result of a lawful traffic stop. The testimony at the administrative hearing held pursuant to section 322.2615(6)(a), Florida Statutes (1991), established that a Florida Highway Patrol trooper stopped Thompson at 2:50 a.m. on September 19, 1992, because the car he was driving had only one operational headlight. Section 316.220, Florida Statutes (1991), requires that every motor vehicle be equipped with at least two headlamps, and section 316.-217(l)(a), Florida Statutes (1991), requires that the lamps be displayed from sunset to sunrise. Pursuant to section 316.610, Florida Statutes (1991), it is a violation of Florida law to drive a vehicle which is not equipped with lamps in proper condition, and the statute authorizes any police officer to stop a vehicle at any time upon reasonable belief that the vehicle’s equipment is not in proper repair.
In fact, in DeGroat v. State, 583 So.2d 1105 (Fla. 5th DCA 1991), this court held as a matter of law that a reasonable law enforcement officer with the duty or authority to enforce traffic laws in this state should, and would, stop a vehicle moving on the highway at night without lighted headlights in order to remind, warn, or cite the driver for the safety violation. The fact that one headlight was operational in this case does not change that conclusion. We conclude, therefore, that there was competent substantial evidence to support the hearing officer’s finding that the stop of Thompson’s vehicle was lawful and that the resulting arrest for driving under the *1171 influence was also lawful. In fact, the trooper who stopped Thompson’s vehicle specifically testified that she had only one reason to stop the car: the malfunctioning headlight. Under these circumstances, there was no basis for the circuit court to re-weigh the evidence and conclude that the state had failed to carry its burden of establishing that the stop was lawful.[1]
The circuit court also expressed concern regarding the constitutionality of section 322.2615; however, in Conahan v. Department of Highway Safety & Motor Vehicles, 619 So.2d 988 (Fla. 5th DCA 1993), this court ruled that section 322.2615 complies with all due process requirements necessary in an administrative proceeding to suspend the privilege of driving. We also rejected the other arguments raised by Thompson in the administrative proceeding, including the claim that a driver who refuses to take a breath test may challenge the propriety of the proposed test and the claim that a license suspension is a forfeiture requiring stricter due process standards.
Accordingly, the order setting aside the suspension of Thompson’s driver’s license is quashed, and this case is remanded for further proceedings consistent herewith.
PETITION GRANTED; ORDER QUASHED.
DAUKSCH and GRIFFIN, JJ., concur.

. The state has the burden to establish that a stop was not pretextual. See Kehoe v. State, 521 So.2d 1094, 1097 (Fla.1988); State v. Gibson, 560 So.2d 1370, 1370-71 (Fla. 5th DCA 1990).