PER CURIAM.
Appellant raises two issues in this appeal of his conviction and sentence for violation of § 896.101(2)(b)l, Fla.Stat. (1991): (1) the legality of the stop of his vehicle for an alleged traffic violation and (2) the sufficiency of the evidence to convict him as charged. We reverse as to the first issue, and therefore find it unnecessary to reach the second issue.
The basis for Officer Douberly’s stop of appellant’s vehicle as it proceeded south on 1-95 near Jacksonville was that appellant improperly displayed his temporary license tag by taping it inside the rear window of his vehicle. The trial court denied appellant’s motion to suppress evidence seized following that stop, finding that appellant was stopped for a valid traffic infraction. However, according to appropriate law appellant’s tag was not improperly displayed when taped inside the rear window, see §§ 320.011, 320.131(1), Fla.Stat., and Fla.Admin.Code R. 15C-1.005. Therefore, he was not stopped for a valid traffic infraction, and the evidence seized following the stop should have been suppressed. See, e.g., State v. Riley, 638 So.2d 507 (Fla.1994); Doctor v. State, 596 So.2d 442 (Fla.1992); Wilhelm v. State, 515 So.2d 1343 (Fla.2d DCA 1987). Since all of the evidence against appellant was obtained as the result of this stop, we REVERSE and REMAND with directions to discharge appellant.
JOANOS and BENTON, JJ., concur.
WOLF, J., concurs in result only.