544 So.2d 294 (1989)
J. Frank ARNOLD, III, Appellant,
v.
STATE of Florida, Appellee.
No. 88-01013.
District Court of Appeal of Florida, Second District.
May 26, 1989.
Chris M. Pratt of Pratt, Rhyne & Lipinski, Palmetto, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
*295 THREADGILL, Judge.
The appellant, Frank Arnold, pled nolo contendere to possession of cocaine, specifically reserving his right to appeal the denial of a motion to suppress. We agree that the motion should have been granted and therefore reverse the conviction and sentence.
In December, 1987, Deputy John Kenney of the Manatee County Sheriff's Office was on routine patrol and noticed a car which he knew belonged to the appellant at a restaurant. Kenney had heard that the appellant was involved in the drug trade and had previously conducted an investigation, albeit unsuccessful, of the appellant. He apprised another officer of the location of the car and asked to be notified if the car left the restaurant.
The appellant left the restaurant at around 2:30 in the morning, and Kenney and the other officer followed in separate vehicles. Officer Kenney testified that he observed the appellant's car weave over the dividing line several times, and that although it did not endanger any other vehicles, he suspected intoxication and decided to stop the car. As the car pulled over, Kenney observed the appellant make a stuffing motion under the seat. As soon as the appellant vacated the vehicle, Kenney searched under the seat, despite the appellant's inquiry concerning the need for a search warrant. Underneath the seat Kenney found cocaine in a "cocaine sifter."
We find that the motion to suppress should have been granted because the arresting officer used a minor traffic violation as a pretext to stop the appellant's vehicle. The Florida Supreme Court in Kehoe v. State, 521 So.2d 1094 (Fla. 1988), declined to adopt a "could arrest" approach and held that the state must show under the particular circumstances that a reasonable officer would have made the stop "absent an additional invalid purpose." 521 So.2d at 1097.
The transcript clearly indicates that Kenney was on the lookout for the appellant, and was watching for any minor traffic violation so that he could stop and search the vehicle. The officer testified that he stopped the car on suspicion of D.U.I., but he requested no field sobriety tests nor did he issue a ticket for the alleged weaving. As noted in Kehoe, it is difficult to drive without occasional minor violations. Id. See also Brown v. State, 62 So.2d 348 (Fla. 1952). It is apparent that the officer used the crossing of the center line to justify the stop so he could search the car for drugs.
While a search of an automobile is permissible where the officer has a reasonable belief that a suspect is dangerous and may be armed based on specific, articulable facts, Michigan v. Long, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 3480, 77 L.Ed.2d 1201, 1220 (1983); see also Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), we do not find that the search here was based on such facts. The transcripts clearly reflect that the state used the appellant's reputation to justify the search of his vehicle, despite knowledge that information concerning his alleged drug activities had previously proved unreliable. The officers thus had no legally objective belief that the appellant was an armed narcotics smuggler sufficient to justify a weapons search immediately upon stopping the vehicle.
Absent the reputation, the only possible justification for the search would be the stuffing motion the appellant made prior to the stop. This court held in G.J.P. v. State, 469 So.2d 826 (Fla. 2d DCA 1985), that quick movements alone are not enough to sustain a temporary detention for further investigation. See also Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978).
We, therefore, reverse and remand with instructions that the appellant be discharged.
Reversed and remanded.
SCHOONOVER, A.C.J., and HALL, J., concur.