FERGUSON, Judge.
C.W. Whitfield appeals a conviction and sentence for trafficking in cocaine. We reverse on a finding that the facts of this case place it squarely into the prohibited pretextual search mold defined by the supreme court in Kehoe v. State, 521 So.2d 1094 (Fla.1988).
Police officers, Roberts and Morales, acting on an anonymous telephone tip about a drug sale in the area, were dispatched to a northwest Miami intersection. They stopped Mr. Whitfield because he was a black male wearing clothing allegedly matching that described by the anonymous informant. Whitfield explained to the officers that he was on an errand to the nearby grocery store for his mother. Officer Roberts questioned Whitfield and patted him down. No weapons, contraband, or outstanding warrants were discovered. He was instructed to leave the area.
Officer Morales, who was at the scene of the initial stop, and who knew that the defendant had been frisked and ordered from the vicinity, followed Whitfield’s automobile out of the area. About ten minutes later he observed Whitfield make a right turn without giving a blinking light signal. The observation was made through Morales’ rear view mirror while passing Whitfield’s vehicle in a “perpendicular” direction.
A second pat-down search was administered after Whitfield had complied with *85 orders to get out of his vehicle and place his hands atop the automobile. He was arrested for committing a battery while, according to Morales, attempting to flee the scene. There is no evidence in the record that a traffic citation was issued. After the arrest, Whitfield’s vehicle was impounded and searched in the engine compartment, interior, and trunk. Two brown paper bags of cocaine rocks and $884 in currency were found in a wooden box in the trunk.
Whitfield was charged with possession of more than twenty-eight grams of cocaine and battery upon a police officer. At trial, the defendant was found not guilty of battery on the officer — the offense relied upon as the basis for the search. He was convicted of drug trafficking and sentenced to thirty years of incarceration.
Kehoe, 521 So.2d at 1095, holds that “[p]olice may stop and investigate a motor vehicle when there is a ‘founded’ suspicion of criminal activity in the mind of the police officer.” At the same time, however, the court condemned the police practice of justifying a stop on some obscure traffic violation where a suspicion is not well founded. After noting first that it is difficult to operate a vehicle without some occasional trivial violation, an objective test was adopted which asks simply whether a reasonable officer would have stopped the car absent the additional invalid purpose. Id. at 1096. It is clear from the record that there was no founded suspicion for a second nontraffic detention and that the stop for a trivial traffic infraction, followed by a second pat-down search, was a pretext for a vehicle search which violated fourth amendment proscriptions.
Reversed and remanded with instructions to discharge the defendant.