577 So.2d 708 (1991)
Alton BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 89-00798.
District Court of Appeal of Florida, Second District.
April 10, 1991.
Debra J. Sutton of Debra J. Sutton, P.A., Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Michele Taylor, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Acting Chief Judge.
The defendant, Alton Brown, pled no contest to possession of cocaine and cannabis, reserving the right to appeal the denial of his motion to suppress narcotics found during a stop for an alleged parking violation. He argues that the stop was illegal because the supposed violation was simply a pretext to justify a search for drugs. We agree.
*709 At the hearing on the motion, only arresting Officer Cuicci testified. He stated that Brown was sitting in his parked car at 6:20 p.m. in an area where officers were conducting what he described as a "narcotics raid." It should be noted, however, that this was not a true drug raid. The officers did not have any specific information about particular drug transactions that day. They were merely approaching people on the street who they thought were "possibly selling narcotics." Officer Cuicci testified that Brown's vehicle was illegally parked; that is, it was on the wrong side of the street facing the wrong direction. Otherwise, however, Brown was doing nothing suspicious.
The officer approached Brown and asked him to identify himself. When Brown did not, Cuicci directed him to exit his car. As Brown opened the car door, the officer observed three bags of marijuana in the driver's door pocket. Brown apparently began to walk away from Cuicci toward two other officers standing nearby. Cuicci directed them to take Brown into custody. A subsequent search revealed cocaine in the armrest of the car. Brown was not given a traffic citation or charged with any traffic offense.
First, we hold that this was a stop rather than a consensual encounter. Although Officer Cuicci needed no founded suspicion to approach and talk to Brown, once he directed Brown to exit the car, the encounter became a stop since Brown was no longer free to leave. See State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989).
Having determined that the officer's command that Brown get out of his car converted the encounter into a stop, we turn to Brown's second contention  that the stop was illegal because it was pretextual. The state argues that the officer properly stopped Brown for illegal parking. We disagree.
Minor traffic violations cannot be used as a pretext to search for evidence of other crimes. Kehoe v. State, 521 So.2d 1094 (Fla. 1988). To determine if the traffic offense was used as a pretext, we must assess all the circumstances and evaluate whether a reasonable officer would have stopped the vehicle. Kehoe at 1097.
Here, several factors indicate a pretext, including the fact that Brown was not cited for a traffic violation. See Smith v. State, 564 So.2d 503 (Fla. 5th DCA 1990); Whitfield v. State, 559 So.2d 84 (Fla. 3d DCA 1990); Arnold v. State, 544 So.2d 294 (Fla. 2d DCA 1989). Further, at the hearing, Officer Cuicci was unable to cite the ordinance and the state did not present evidence of such an ordinance. Moreover, the officer admitted that police cars were parked on the same side of the street as Brown, thereby creating the impression that such parking was allowed.
In light of the surrounding factors, we hold that a reasonable officer would not have detained Brown for the stated traffic reason. The stop was pretextual, and Brown's motion should have been granted.
Reversed.
CAMPBELL and ALTENBERND, JJ., concur.