PATTERSON, Judge.
Derrick Leevon Pedro was charged in a two-count information with possession of cocaine and possession of a misdemeanor amount of marijuana. After the denial of his motion to suppress, he pled nolo conten-dere, reserving his right to appeal the denial of the motion. He contends that the stop of the vehicle which he was driving was illegal. We agree and reverse.
On January 10, 1990, at approximately 11:30 p.m., Pedro and Jay Washington were parked on the south side of Okaloosa Street near “Brother Jack’s Tavern,” which is on the corner of Okaloosa and Nebraska Avenue in Tampa. The vehicle had its parking lights on and Pedro was behind the wheel. Washington was in the front passenger seat. At the same time, Brother Jack’s was under surveillance by six members of the Tampa Police Department Tactical Unit in four separate vehicles. The Unit’s function is to investigate and control street-level narcotics activity.
Officer John Newman was assigned to drive a marked police vehicle and was stationed a block away out of the sight of the tavern and Pedro. Another officer, via police radio, advised Newman of the presence of Pedro’s vehicle. Newman was then advised tjiat all units were to converge on the tavern. As he pulled onto the street, he observed Pedro’s vehicle beginning to move eastbound on Okaloosa toward Nebraska Avenue using only its parking lights. The vehicle traveled in this manner for approximately 200 feet before the headlights came on and it stopped at the stop sign at Nebraska Avenue. At this junction, Newman pulled his vehicle directly in front of Pedro’s vehicle and the other units converged on the scene. In determining that the stop was illegal, it is not necessary to recite the ensuing events which led to the search of the vehicle and Pedro’s arrest.
A minor traffic violation cannot be used as a pretext to stop a vehicle for the purpose of exploring the possibility of more serious criminal activity. Kehoe v. State, 521 So.2d 1094 (Fla.1988). On the other hand, a stop for a minor traffic violation is proper if a reasonable officer would have stopped the vehicle absent an additional invalid purpose. State v. Miller, 565 So.2d 886 (Fla. 2d DCA 1990). Each case must be evaluated on the totality of the facts and circumstances existing at the time the stop is made. In this regard, the state elicited from Officer Newman that although he was part of a special narcotics squad not assigned to routine patrol, he would stop.a vehicle operating in the manner of Pedro’s vehicle absent a suspicion of narcotics activity. He also testified as follows:
Q. You didn’t see the car?
*872 A. Not until I pulled up on Nebraska.
Q. When you pulled up on Nebraska you were heading over to—
A. Yeah, that’s correct. It was — my intention was to go to the car; that’s correct.
And later:
Q. And you stopped the car that night because you thought he was involved in some kind of narcotic activities; isn’t that true?
A. Correct.
It is clear that Newman had formed an intent to intercept Pedro’s vehicle as a part of the “converging on the area” before he observed the vehicle operating only with its parking lights on. Although it is highly unlikely that a narcotics officer in the process of a raid would divert his attention to give Pedro a traffic citation on the conduct observed,[1] this issue is moot because the trial court determined that “under the facts of the present case, a reasonable police officer would have a well-founded suspicion that the occupants of the car may be involved in illegal activity.” (Emphasis supplied.) The trial court found the stop to be a legal Terry stop predicated not on Pedro’s driving conduct alone, but upon the conduct of the “occupants” of the vehicle. The state failed to argue support for such a determination in view of Newman’s testimony:
Q. At any time until you stopped the vehicle as you designate, is [sic] there any indication to you that the people in the car were commiting [sic] or about to commit a crime?
A. No, sir.
The trial court therefore erred in failing to grant the motion to suppress.
Reversed.
SCHEB, A.C.J., and FRANK, J., concur.

. In determining if the stop for a minor traffic infraction was pretextual, it is a relevant consideration that Pedro was not issued a traffic citation. See Whitfield v. State, 559 So.2d 84 (Fla. 3d DCA 1990); Arnold v. State, 544 So.2d 294 (Fla. 2d DCA 1989).