579 So.2d 871 (1991)
Randy Anthony JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-863.
District Court of Appeal of Florida, Fifth District.
May 23, 1991.
*872 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Judy Taylor Rush and Bonnie Jean Panish, Asst. Attys. Gen., Daytona Beach, for appellee.
PER CURIAM.
We reverse the conviction for possession of cocaine in case no. 89-1326. The trial court denied appellant's motion to suppress on the ground that appellant's compliance with the officer's instruction to exit the vehicle in which he was sitting was a consensual encounter. Although we agree the officer needed no founded suspicion to approach and talk to the defendant, once the officer directed the defendant to exit the car, the encounter became a stop. See, e.g., Brown v. State, 577 So.2d 708 (Fla. 2d DCA 1991).[1] The motion to suppress in case no. 89-1326 should have been granted. We affirm the conviction in case no. 89-3151.
REVERSED in part; AFFIRMED in part and REMANDED.
COBB, PETERSON and GRIFFIN, JJ., concur.
NOTES
[1] Although not the basis of the trial court's ruling, we also conclude the record does not support a founded suspicion sufficient to authorize an investigatory stop.