PETERSON, Judge.
Donald G. Mims appeals the denial of his motion to suppress evidence. He pled nolo contendere to possession of more than twenty grams of cannabis in violation of section 893.13(l)(f), Florida Statutes (1989), and reserved the right to appeal the denial. The court withheld adjudication and sentenced him to two years’ community control. We reverse.
The DEA received a call from an anonymous informant who stated that the informant’s acquaintance had broken into a building at the Claxton Exotic Bird Hatchery and noticed several marijuana plants. Based on this sketchy information, two DEA agents drove by the hatchery, which was enclosed by a fence, and saw a trash fire burning about twenty feet from a barnlike structure. The fire was contained in an area measuring about three feet by four feet in size. They also noticed an individual and a pickup truck near the fire. After watching the activity about one hour, the agents drove some distance past the hatchery where they met a Putnam County deputy sheriff and discussed the situation. The deputy determined that no burn permit had been issued for the fire, and the three formulated a plan for entering the hatchery to deal with the fire. While they were under the impression that the fire constituted a criminal violation, none had any knowledge about fire laws.
The agents returned to the area of the hatchery and observed the defendant lock an entrance gate to the fenced enclosure and drive away in the pickup truck. With the lights flashing on the deputy’s patrol car, they drove after the defendant and stopped him. They told him he was being detained because of the fire, and asked him to return to the hatchery with them. Leaving his truck behind, the defendant accompanied the officers and returned to the hatchery. The deputy extinguished what remained of the fire with a garden hose while the agents looked around the proper *640 ty and found a few marijuana plants. The defendant was then advised of his Miranda rights but was not cited or arrested for any fire violation.
Based on the statement of the informant and the discovery of the marijuana plants, a warrant for a search of the barn was then obtained. Marijuana was found in the barn, and the defendant was charged with possession. Defendant contends that the evidence should have been suppressed because the stop was pretextual and because consent was not given for the warrantless search. The state says that the stop and entry onto the property were justified because the fire created a safety concern that constituted exigent circumstances. The state further argues that, even if the entry and search were invalid, the evidence should not be suppressed because the warrant provided an independent source through which the evidence would have been discovered.
FIRE VIOLATION, EXIGENT CIRCUMSTANCES
The state relies upon section 590.12, Florida Statutes (1989), to support the stop on the basis of illegal burning. However, the statute is inapplicable since it does not prohibit the burning of “trash,” which both parties seem to agree is a proper description of the materials that were being burned. Alternatively, the state falls back on the theory that exigent circumstances required extinguishment of the fire for safety reasons. There was no evidence to support the state’s contention that the fire created an exigent circumstance. Given that the agents observed the fire for about an hour, departed to formulate a plan with the deputy, and then returned to the hatchery to execute the plan, we cannot accept the state’s argument that the fire constituted an exigent circumstance. Absent statutory authority or exigent circumstances, the stop was pretextual, and the evidence obtained therefrom should have been suppressed. United States v. Smith, 799 F.2d 704 (11th Cir.1986); Kehoe v. State, 521 So.2d 1094 (Fla.1988); Brown v. State, 577 So.2d 708 (Fla. 2d DCA 1991).
CONSENT
Only two witnesses testified at the suppression hearing, Deputy Harvey and Agent Leo. Each of the state’s witnesses pointed to the other as having heard Mims give consent to return to his property for the avowed purpose of extinguishing the fire. Deputy Harvey testified:
A Briefly I spoke to him [Mims] about the fire. Agents Leo and Lilly made contact with him and spoke with him. I was not present during their conversations. I was informed by Agent Leo that he had agreed to go back on the property. So—
Q As far as you were concerned, he was consenting for you all to go back on the property?
A Yes, sir.
Agent Leo testified:
Q Once you made a stop, did you have occasion to speak with the driver of the vehicle?
A No, I think Deputy Harvey talked to him and said, “We’d like to talk to you about the fire on your property and things.” He said, “Sure, I’ll take you back there.”
Both witnesses deny that they discussed the issue of consent with Mims, yet each testified that the other had obtained consent. Our review of the record shows no evidence that Mims consented to abandon his truck, return to the hatchery, unlock the gate, and allow the officers to enter the area of the fire where no marijuana plants were observable and then to wander around the property where a few plants were observed next to the barn. We are unable to find support in this record for the trial court’s determination that consent was given. It was the burden of the state to prove by clear and convincing evidence that such a consent was in fact given freely and voluntarily. Norman v. State, 379 So.2d 643 (Fla.1980). The state failed to meet that burden of proof.
SEARCH WARRANT
The warrant to search the barn was based upon the informant’s statement and *641 upon the discovery of the marijuana outside the barn. The state argues that, even if the search that resulted in the discovery of the marijuana was illegal, the marijuana should not be suppressed because the information relayed by the informant, taken alone, provided probable cause to support the search warrant. We disagree. This hearsay information from an unidentified source did not provide probable cause for a search warrant. No facts existed which established the veracity or reliability of the informant. There was no observation by the DEA that even suggested the defendant was engaged in drug offenses. Probable cause could not have been determined from the totality of the circumstances as is required by Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, reh’g denied, 463 U.S. 1237, 104 S.Ct. 33, 77 L.Ed.2d 1453 (1983).
The absence of a valid search warrant, a violation of a prohibited act, exigent circumstances, and consent require that we reverse.
REVERSED.
SHARP, W., and HARRIS, JJ., concur.