ALDERMAN, JAMES E., Senior Justice.
The trial court adjudicated defendant, Tedd J. Popple, guilty of possession of cocaine and of possession of drug paraphernalia after he had pled nolo contendere and reserved the right to appeal the denial of his motion to suppress physical evidence. We affirm the judgment below and the denial of defendant’s motion to suppress.
State’s witness, Officer Tim Wilmoth testified at the suppression hearing that on June 4, 1991, at about 12:55 p.m. he was investigating an abandoned stolen car which was located one block from a secluded high crime area. He noticed the defendant, Popple, sitting in a parked car four blocks away. Because the street was rather desolate, with no other cars and only a few residences, the officer decided to inquire of the defendant whether he knew anything about the stolen car or if defendant was experiencing difficulty with his car.
When he drove up to the defendant’s car, the officer observed the defendant acting in a very nervous manner, reaching under the seat and “flipping” about in the car. Realizing that he had no immediate backup *620 and it would take time for a backup officer to arrive and assist him, and being concerned about his personal safety, based on his safety training, he asked the defendant to step out of his car. As the defendant did so, the officer saw in plain view a cocaine pipe on the floorboard. Based upon the probable cause thereby established he arrested defendant, conducted a search incident to the arrest, and seized eight cocaine rocks.
We hold under the facts of this case that the officer’s request that the defendant step out of his car did not elevate this from a consensual encounter to a stop. In this instance the consensual encounter did not cease to be lawful just because the officer requested the defendant to step out of the car.
This holding departs from the language of the Second District in Brown v. State, 577 So.2d 708, 709 (Fla. 2d DCA 1991), where the court said:
First, we hold that this was a stop rather than a consensual encounter. Although Officer Cuicci needed no founded suspicion to approach and talk to Brown, once he directed Brown to exit the car, the encounter became a stop since Brown was no longer free to leave. See State v. Simons, 549 So.2d 785 (Fla. 2d DCA 1989).
In Brown officers were randomly approaching people on the street who they thought were “possibly selling narcotics.” Id. Brown’s car was parked on the wrong side of the street, but Brown was not, otherwise, acting suspiciously. When Brown refused to identify himself, an officer directed him to exit his car. The facts in Brown are distinguishable from the present case and may justify the different results reached in these eases.
Following Brown, however, the Fifth District in Jackson v. State, 579 So.2d 871 (Fla. 5th DCA 1991), without discussing any of the surrounding circumstances, disposed of that case solely on the grounds that the officer’s direction to the defendant to exit the car terminated the consensual encounter and became a stop. To the extent that Brown and Jackson establish a ;per se rule to be applied in every case, we disagree.
The law is clear that a police officer must have a well-founded and articula-ble suspicion of criminal activity before conducting an investigatory stop which amounts to a “seizure.” The law is equally clear that all encounters between police officers and citizens do not amount to constitutionally protected seizures. A seizure occurs only when by means of physical force or show of authority, one’s freedom of movement has been restrained and when in light of all the surrounding circumstances it may be said that a reasonable person would have believed that he was not free to leave. Lightbourne v. State, 438 So.2d 380 (Fla.1983), cert. denied, 465 U.S. 1051, 104 S.Ct. 1330, 79 L.Ed.2d 725 (1984); J.C.W. v. State, 545 So.2d 306 (Fla. 1st DCA), review denied, 553 So.2d 1165 (Fla.1989).
There is no litmus-paper test for distinguishing a consensual encounter from a stop. State v. Simons, 549 So.2d 785, 787 (Fla. 2d DCA 1989). In making this determination a court must consider the circumstances in each case.
We do not believe that a consensual encounter ceases to be an encounter and becomes a stop in every instance where an officer requests someone to step out of a car. A good example of this is the present case where the officer intended only to talk with the defendant. The circumstances and the defendant’s actions in this case created a situation where it was in the best interest of both the officer and the defendant that their conversations take place with the defendant out of the car. The potential threat perceived by the officer under these circumstances clearly outweighed any de minimis inconvenience imposed upon the defendant by the officer’s request that he step out of his car. This request did not imply that the defendant was being detained or that he was not free to leave.
This case demonstrates that there are situations where an officer, while attempting to ask questions or help a motorist, *621 may request that person to step out of a car without causing a reasonable person to believe he or she is not free to leave. A rule of law that every encounter evolves into a stop when an officer asks a motorist to step outside his or her car, unduly encroaches upon the law requiring an examination of whether a reasonable person under all the surrounding circumstances would feel free to leave.
In addition, a rule that bars a police officer in every encounter from requesting persons to step out of their cars would create situations that are dangerous both to the officer and to others. Balanced against the potential harm that could result, the slight inconvenience imposed upon persons who are asked to step out of their cars is insignificant.
Accordingly, we affirm the trial court's determination to deny appellant’s motion to suppress.
GUNTHER, J., concur.
ANSTEAD, J., dissents with opinion. *622 GUNTHER, J., and ALDERMAN, JAMES E., Senior Justice, concur.