GLICKSTEIN, Judge,
dissenting.
At the 1992 hearing on appellant’s motion to suppress, the state clearly relied upon this court’s opinion in Popple v. State, 609 So.2d 619 (Fla. 4th DCA 1992). However, the supreme court subsequently quashed our decision. Popple v. State, 626 So.2d 185 (Fla.1993). I would reverse and remand for reconsideration under Popple and the other authorities cited herein.
Moreover, I believe the trial court’s reliance upon State v. Wilson, 566 So.2d 585 (Fla. 2d DCA 1990), was unfortunate. The facts in the two cases, in my view, are substantially dissimilar; and Wilson is inappo-site.
Both trial lawyers, I am convinced — as well as the trial court — were viewing this case on the assumption that the deputies’ version was what occurred — not appellant’s version. Given that version and the supreme court’s subsequent decision in Popple, and prior decision in State v. Webb, 398 So.2d 820 (Fla.1981), together with our decisions in Burgess v. State, 630 So.2d 666 (Fla. 4th DCA 1994), Alvarez v. State, 515 So.2d 286, 288 (Fla. 4th DCA 1987), Moore v. State, 584 So.2d 1122, 1123 (Fla. 4th DCA 1991), Ingram v. State, 364 So.2d 821 (Fla. 4th DCA 1978), Horvitz v. State, 433 So.2d 545 (Fla. 4th DCA 1983), and Lewis v. State, 625 So.2d 84 (Fla. 4th DCA 1993), I believe the trial court erred in denying appellant’s motion to suppress.