658 So.2d 629 (1995)
STATE of Florida, Appellant/Cross-Appellee,
v.
Michael A. GILMORE, Appellee/Cross-Appellant.
No. 94-01614.
District Court of Appeal of Florida, Second District.
July 21, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellant.
James Marion Moorman, Public Defender, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellee.
PER CURIAM.
The state appeals the downward departure sentences imposed on Michael A. Gilmore for tampering with physical evidence, purchase of cannabis, and possession of cannabis with the intent to purchase. The defendant cross-appeals his conviction for tampering. We reverse the conviction for tampering and remand for resentencing.
Mr. Gilmore purchased a $10 bag of marijuana from police officers during a reverse sting operation. When the officers confronted Mr. Gilmore to make the arrest, the defendant placed the bag of cannabis in his mouth. After several demands to relinquish the bag, the defendant spit the bag out of his mouth. The jury found the defendant guilty of tampering, purchase of cannabis, and possession of cannabis with the intent to purchase. The trial court departed downward from the sentencing guidelines and imposed a prison term of one year and one day for tampering, followed by concurrent terms of five years' probation on the remaining offenses.
In a similar case, this court has held that an attempt to swallow contraband that does not damage or destroy the evidence does not constitute tampering. McKinney v. State, 640 So.2d 1183 (Fla. 2d DCA 1994). At most, such conduct may be attempted tampering. Accordingly, we reverse Mr. Gilmore's conviction for tampering. Because the reversal of this conviction will change the appropriate *630 scoresheet, as well as the score, we remand for resentencing.
On resentencing, the trial court may depart downward for the reasons previously utilized. At the sentencing hearing, the trial court determined that Mr. Gilmore suffered from a broken back and procured the contraband to relieve the pain. Although the defendant had a prior record, including several serious felonies, the trial court believed that Mr. Gilmore's actions were motivated by his addictions and that he was amenable to treatment. This is a valid reason for a downward departure. Herrin v. State, 568 So.2d 920 (Fla. 1990).
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and ALTENBERND and QUINCE, JJ., concur.