PER CURIAM.
Following a routine traffic stop for failing to use a turn signal, the officer ordered the appellant, a passenger, to get out of the car. After observing a cylindrical bulge about four inches by two inches in one of appellant’s pockets, the officer asked appellant what was in his pocket. Appellant responded that they were “drug pipes.” The officer removed the *1281 pipes, detected the odor of marijuana, and arrested appellant.
Appellant entered a plea, reserving his right to appeal, and argues on appeal that the officer did not have reasonable suspicion to order him out of the car in which he was a passenger. We disagree. Because of the dangers which police officers encounter in stopping vehicles, they, as a matter of routine, may order a passenger to get out of a lawfully stopped vehicle without reasonable suspicion. Maryland v. Wilson, 519 U.S. 408, 117 S.Ct. 882, 137 L.Ed.2d 41 (1997). The trial court was therefore correct in denying the motion to suppress.
Affirmed.
WARNER and KLEIN, JJ., and OWEN, WILLIAM C., Jr., Senior Judge, concur.