790 So.2d 485 (2001)
Darin Lloyd HILGEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1054.
District Court of Appeal of Florida, Fifth District.
June 8, 2001.
*486 James B. Gibson, Public Defender, and John M. Selden, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Patrick W. Krechowski, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, C.J.
Darin Hilgeman appeals his judgment and sentence, which followed an order denying his motion to suppress. We reverse.
Hilgeman was charged with one count of possessing cocaine[1]. Hilgeman moved to suppress the cocaine and a hearing was held on the motion. Deputy Ronald M. Rodi of the Orlando Police Department was the lone witness for the state. He testified that on September 16, 1999, he was working as a member of the drug enforcement unit of the police department. Rodi observed Hilgeman and another individual drinking beer inside a parked yellow taxi, on a lot off of South Terry Street in Orlando. A third person was standing outside the car; Hilgeman was sitting in the front passenger seat of the vehicle. Rodi explained that he believed at the time that Hilgeman and the other passenger inside the vehicle were violating a city ordinance by drinking from an open container of alcohol in public. Rodi, along with his co-officers, Sergeant Skiles and Officer Smith, approached the vehicle.
Rodi testified that he approached the other individual first but then engaged Hilgeman in conversation, in the course of which Hilgeman consented to Rodi's request to search him. Rodi concluded his testimony on direct by testifying that Hilgeman did nothing and said nothing to indicate he did not want to be searched. Cross-examination established several points. Defense counsel brought out that the three officers were armed and dressed so as to be readily identified as law enforcement officers. Rodi conceded that although he believed at the time of the encounter that Hilgeman was breaking the law, in fact Hilgeman was not breaking the open container ordinance at the time Rodi and the other officers approached him. Moreover, Rodi did not know how it came to be that Hilgeman was outside the vehicle-he did not know whether Sergeant Skiles asked Hilgeman to exit the vehicle, or whether Hilgeman exited the vehicle for some other reason. He simply did not recall. Rodi testified that Hilgeman was free to leave throughout the encounter, yet at the same time testified that he told Hilgeman at the outset of their conversation, before the search, that he had violated the city open container ordinance. Rodi conceded that he had no suspicion of any crime other than the alleged open container violation when he approached Hilgeman.
The defense called Hilgeman to the stand. Hilgeman testified that he was a local college student and concurred with the officer regarding the vehicle's location at the time of the arrest. He testified that a female officer approached him as he sat in the vehicle and she "indicated for me to get out of the car." He obeyed her. She then searched Hilgeman. The vehicle and the other passengers were searched, as well. After the first search, Hilgeman testified he was searched again by Rodi, and no one asked his permission to search him.
There are three levels of encounters between law enforcement and the public:
1) consensual encounters, during which the citizen remains free to leave at will, *487 where a citizen remains free to leave at will, where a citizen may either voluntarily comply with a police officer's request or simply choose to ignore it; 2) an investigatory stop based on reasonable suspicion; and 3) an arrest supported by probable cause that a crime has been or is being committed.
McMaster v. State, 780 So.2d 1026, 1028 (Fla. 5th DCA 2001); see also Popple v. State, 626 So.2d 185 (Fla.1993).
Hilgeman submits that he was ordered out of the vehicle by Rodi's coofficer without any reasonable suspicion or probable cause for his arrest.[2] The trial court specifically heard argument on the issue, although the trial court misapprehended the evidence on the issue. The trial court suggested that if it accepted the officer's testimony over Hilgeman's testimony, then it could find there was evidence that Hilgeman was not ordered out of the vehicle. The trial court was mistaken; there was no evidence before the court that Hilgeman voluntarily exited his vehicle. The only evidence in the record was that he was ordered out of the vehicle by the female officer. It is well established that once an officer directs a defendant to exit a vehicle, the encounter becomes a stop. See Jackson v. State, 579 So.2d 871, 872 (Fla. 5th DCA 1991)(citing Brown v. State, 577 So.2d 708 (Fla. 2d DCA 1991)). Although the law enforcement officers may have mistakenly believed they had probable cause to arrest Hilgeman for the alleged open container violation, "law enforcement officers are charged with knowledge of the law." Doctor v. State, 596 So.2d 442, 447 (Fla.1992). Reasonable suspicion to seize or probable cause to arrest Hilgeman did not arise based on the officers' misapprehension of the law.
In order to rely upon consent to justify a search after an unjustified stop or seizure, the state has a heavy burden to prove that consent was freely and voluntarily given. See State v. Paul, 638 So.2d 537, 538 (Fla. 5th DCA 1994)(citing Norman v. State, 379 So.2d 643 (Fla.1980)). The state did not carry that burden. "The search which followed, without a showing of an unequivocal break in the chain of illegality (the improper seizure), even if consent was given was invalid."[3]Taylor v. State, 658 So.2d 173 (Fla. 5th DCA 1995). The trial court's decision that this was a consensual encounter was clearly erroneous. Cf. Jones v. State, 658 So.2d 178 (Fla. 1st DCA 1995) (presence of consensual encounter is factual question, and trial court's answer to that question should not be disturbed on appeal unless clearly erroneous).
REVERSED and REMANDED with instructions to discharge Hilgeman.
PLEUS and PALMER, JJ., concur.
NOTES
[1] § 893.13(6)(a), Fla.Stat.
[2] This is not a case where law enforcement could arrest Hilgeman for a minor criminal violation, as in Atwater v. City of Lago Vista, 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001). The state concedes that Hilgeman had not violated the open container ordinance.
[3] We note that according to Rodi's testimony, he advised Hilgeman, prior to asking for his consent for the search, that Hilgeman had violated the open container ordinance. We find it unlikely that a reasonable person would feel free to leave a scene after being told by law enforcement that he has broken the law.