850 So.2d 667 (2003)
A.F., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-1768.
District Court of Appeal of Florida, Fourth District.
July 30, 2003.
Carey Haughwout, Public Defender, and David John McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
*668 Charles J. Crist, Jr., Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
A.F. was adjudicated delinquent for the offense of tampering with evidence. Although we affirm as to the denial of the motion to suppress, the evidence does not support conviction for the completed act of tampering. We, therefore, reverse and remand for modification and re-sentencing for the offense of attempted tampering with evidence.
Deputy Sheriff Kohl was working in a public park when he noticed and approached a vehicle parked in a wooded area. Parking was not permitted at that location. After the driver stepped out and handed the officer his license, the deputy directed the passenger, A.F., to step out of the car. He testified that he did this for his safety so that he would know that "she would not be in control of a weapon." While Kohl spoke with the driver, A.F. went back to the car. Kohl observed her retrieving a green plastic bag and placing it into her mouth. The bag contained marijuana.
Prior to trial, A.F. filed a motion to suppress the plastic bag, asserting that it was obtained as a result of an unlawful detention. At the motion to suppress hearing, Deputy Kohl, A.F., and the driver testified. A.F. admitted to putting the bag in her mouth. Although the deputy did not mention it, A.F. and the driver added that Kohl initially ordered the two out of the car after seeing a "cigar" inside.
At trial, a motion for judgment of acquittal was granted as to a possession charge, but denied as to tampering.
Section 918.13(1)(a), Florida Statutes (2003), states, in pertinent part:
(1) No person, knowing that a criminal... investigation by a ... law enforcement agency, ... is pending or is about to be instituted, shall:
(a) Alter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such ... investigation;
To prove this offense, the state must show that the defendant had knowledge of the impending investigation and destroyed or concealed evidence, impairing its availability for the investigation. See State v. Jennings, 666 So.2d 131, 132 (Fla. 1995). Here, the evidence only shows that A.F. unsuccessfully attempted to swallow the bag of marijuana before spitting it out. Although this act is insufficient to constitute tampering with evidence, it does amount to attempted tampering with the evidence. See State v. Gilmore, 658 So.2d 629 (Fla. 2d DCA 1995)(holding that unsuccessful attempt to swallow bag of marijuana does not constitute tampering); McKinney v. State, 640 So.2d 1183 (Fla. 2d DCA 1994)(holding that evidence that defendant unsuccessfully tried to swallow bag of cocaine at scene of his arrest sustained conviction for attempted tampering with evidence).
We find no reversible error or abuse of discretion with respect to the motion to suppress where the officer acted on reasonable grounds. Whether an officer's suspicion is reasonable is based on the totality of the circumstances. Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001). Here, the officer was engaged in a reasonable and lawful investigation when he asked the passenger, A.F., to step out of the car. Here, the car was parked in an unauthorized area of the park. There was also testimony that signs prohibited parking in unauthorized areas of the park. The unauthorized area was also known for drug activity and a lot of drug paraphernalia *669 and alcohol bottles had been found there. The officer was engaged in this lawful performance of his duties when he asked A.F. to step out of the car as a safety precaution. See J.B. v. State, 718 So.2d 1280 (Fla. 4th DCA 1998)(recognizing that as a matter of routine, a police officer may order a passenger to get out of a lawfully stopped vehicle). We note that in this case, there was no search of the car or search of the individuals and there is no suggestion that the passenger was in any way restrained or prevented from leaving. Cf. Barrios v. State, 807 So.2d 814 (Fla. 4th DCA 2002)(holding that although a passenger may be ordered out of a lawfully stopped vehicle, a passenger cannot be detained or prevented from leaving absent reasonable suspicion).
We have considered Popple v. State, 626 So.2d 185 (Fla.1993), but deem it distinguishable. Popple was lawfully parked on a public street. It was undisputed that the deputy did not have a well-founded suspicion necessary to authorize a temporary detention. Id. at 187. The court also recognized that to sustain the state's position under the facts of that case "would mean that the police could order citizens out of their automobiles under almost any circumstances." 626 So.2d at 187 n. 1. Such is certainly not the circumstance here, where the car was parked in an unauthorized area.
A.F. argues that the parking violation is insufficient to warrant the stop. For support, she cites to Brown v. State, 577 So.2d 708 (Fla. 2d DCA 1991). There, Brown was parked on the wrong side of the street facing the wrong direction. The officer approached Brown, asked for identification, and then ordered him to step out of the vehicle. The officer then observed marijuana on Brown's person. The appellate court reversed the denial of the motion to suppress, holding that the stop was illegal because it was pretextual. The court noted that Brown was not cited for a traffic violation. Further, the officer in Brown was unable to cite to any ordinance violation. Additionally, the officer admitted that police cars were parked on the same side of the street as Brown, thereby creating the impression that such parking was allowed. Id. at 709. The court concluded that a reasonable officer would not have detained Brown for the stated traffic reason.
Here, unlike Brown, there is no indication of pretext, as there was a basis for believing that A.F. was illegally parked, and there were no circumstances indicating that parking was allowed in the area. Given the context, the officer's conduct was reasonable.
The adjudication and sentence are reversed. Upon remand, the trial court shall re-sentence Appellant for the offense of attempted tampering with evidence.
GUNTHER and STEVENSON, JJ., concur.