989 So.2d 753 (2008)
Marvin MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-684.
District Court of Appeal of Florida, Second District.
September 12, 2008.
James Marion Moorman, Public Defender, and Lisa B. Lott, Special Assistant Public Defender, Bartow, for Appellant.
*754 Bill McCollum, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Marvin Morris appeals his judgments and sentences for possession of cannabis, possession of drug paraphernalia, tampering with physical evidence, and resisting an officer without violence. We find merit only in his argument that the evidence at trial did not support his conviction for tampering with physical evidence.
In his motion for judgment of acquittal, Morris argued that the State failed to establish a prima facie case of tampering with physical evidence, because there was no testimony that he had altered, removed, or tampered with any evidence. Section 918.13(1)(a), Florida Statutes (2006), provides that a person commits the offense of tampering with physical evidence when they "[a]lter, destroy, conceal, or remove any record, document, or thing with the purpose to impair its verity or availability in such proceeding or investigation."
During a lawful stop of Morris's bicycle, Officer Jason Perez noticed a bulge in Morris's cheek. Upon Officer Perez's request, Morris opened his mouth and Officer Perez observed a plastic bag containing cannabis. Morris was placed under arrest and was asked to spit out the bag. Morris then attempted to free himself from the officer's grasp and ignored several requests to spit out the bag. Morris continued to physically resist the officer and was eventually tasered. Morris then spit out the bag of cannabis.
We conclude that this case is controlled by this court's opinions in State v. Gilmore, 658 So.2d 629 (Fla. 2d DCA 1995), and McKinney v. State, 640 So.2d 1183 (Fla. 2d DCA 1994). In McKinney, 640 So.2d at 1183-84, the appellant stopped when ordered to do so by police, but he struggled with the officers when they attempted to arrest him, and he then tried to swallow a bag of cocaine. An officer held the appellant's jaw to keep him from swallowing the bag, and the bag was retrieved and later introduced into evidence. Id.
In McKinney, 640 So.2d at 1185, this court held that because the drugs were introduced into evidence at trial, the evidence only showed that the appellant attempted to alter or destroy evidence, but he was unsuccessful and his actions did not complete a removal of the drugs. "It is difficult to define precisely when an act constitutes the completed offense of concealment or removal, but a brief interruption of a police officer's visual contact with physical evidence that is on or near one's body is not sufficient to constitute concealment." Id. This court further held that the appellant was not entitled to a complete acquittal on this charge and that he committed the offense of attempted tampering with evidence. Id. at 1186; cf. State v. Jennings, 666 So.2d 131, 133 (Fla. 1995) (holding that swallowing the object clearly constitutes tampering with physical evidence).
Similarly, in State v. Gilmore, 658 So.2d 629, 629 (Fla. 2d DCA 1995), the appellant placed a bag of cannabis in his mouth when officers confronted him to make an arrest, and after several requests to relinquish the bag, the appellant spit out the bag. This court held that the testimony did not establish tampering, because "an attempt to swallow contraband that does not damage or destroy the evidence does not constitute tampering" and that, at most, the evidence supported a conviction for attempted tampering. Id.
We agree with Morris that we are bound by the holdings in McKinney and Gilmore, and his judgment and sentence for tampering with physical evidence must be reversed. *755 On remand, Morris's judgment for tampering with physical evidence should be reduced to attempted tampering with physical evidence and he should be resentenced accordingly. Morris's remaining judgments and sentences are affirmed.
Affirmed in part, reversed in part, and remanded with directions.
STRINGER and WALLACE, JJ., Concur.