IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

     Appellant,

v.

JOHN KELLY MEACHUM,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3445

Opinion filed July 13, 2016.

An appeal from the Circuit Court for Bay County.
Elijah Smiley, Judge.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellant.

Nancy A. Daniels, Public Defender, and Laurel Cornell Niles, Assistant Public Defender, Tallahassee, for Appellee.


ROWE, J.

The State appeals an order granting John Kelly Meachum's motion to suppress evidence obtained during a vehicle search.[1] Because we agree that the court erred in granting the motion, we reverse and remand for further proceedings.

_____

[1] We have jurisdiction. Fla. R. App. P. 9.140(c)(1)(B).

*Facts*

On October 26, 2014, three officers of the Panama City Police Department were on patrol in an area known to have a high rate of drug use, prostitution, and other criminal activity. The officers, who were in a single police cruiser, observed a vehicle in the parking lot of a pawn shop adjacent to Bambi's Dollhouse, a night club. The vehicle had its lights on and was in a parking space, backed against a fence on the east side of the lot. The officers observed the vehicle move from that parking space to pull behind some parked cars, and noted that the driver did not exit the vehicle. The vehicle then turned sideways and stopped in the middle of a route to exit the parking lot.

Officer Doheny approached the driver's side of the vehicle and asked for Meachum's driver's license. Officer Doheny noticed a strong odor of alcohol and observed that Meachum was shaking and sweating as he fumbled through his wallet. Officer Doheny handed the license to Corporal Nichol, who returned to the police cruiser to conduct a warrant search. Based on Meachum's actions and the odor of alcohol, Officer Doheny determined Meachum was under suspicion of driving under the influence, and asked him to exit the vehicle. While Meachum was exiting the vehicle, Officer Tholke, who was on the passenger's side, observed a crack pipe on the driver's side floorboard. During a subsequent search of the vehicle, the officers

located crack cocaine between the driver's seat and the center console. Meachum was arrested and charged with possession of cocaine and paraphernalia.

In its order granting the motion to suppress, the court stated that the encounter between Meachum and the officers was not consensual, but rather constituted an illegal detention. The court, noting that no traffic was impeded by Meachum's vehicle, concluded there was no probable cause of a traffic infraction, nor reasonable suspicion of criminal activity prior to the encounter to support a detention. As a basis for its conclusion that the encounter was not consensual, the court stated only the following: that the patrol car was occupied by three officers, that one of the officers went to the rear of the vehicle to obtain tag information while another approached and requested Meachum's driver's license to conduct a warrant search, and that one officer went to conduct further investigation of other persons. Having concluded that the encounter was not consensual, the court declined to further analyze the facts or circumstances of the incident. On appeal, the State argues the trial court erred when it concluded the encounter between the officers and Meachum was not consensual. We agree.

*Analysis*

When reviewing a ruling on a motion to suppress, we defer to the trial court's findings of facts which are supported by competent, substantial evidence, and review

3

de novo the application of the law to those facts. <u>Dellhall v. State</u>, 95 So. 3d 134, 150 (Fla. 2012).

First, we must note that some of the trial court's factual findings with respect to the actions of the officers in this case are not supported by competent, substantial evidence. The trial court mistakenly relied on facts from another case involving the same defendant and similar circumstances, which was addressed in the same motion hearing. In this case, there was no testimony as to an officer approaching the rear of the vehicle to obtain tag information, and there was no investigation of additional persons.

Second, the trial court's application of the law to the facts was erroneous. While any seizure of a person must be supported, at a minimum, by a reasonable, articulable suspicion of past, present, or impending criminal activity, not all contact between citizens and law enforcement constitutes a seizure for Fourth Amendment purposes.[2] <u>See</u>, <u>e.g.</u>, <u>United States v. Mendenhall</u>, 446 U.S. 544, 549 (1980). To the contrary, where the contact with law enforcement does not involve the use of physical force or a show of authority to which the defendant succumbs, the interaction is considered a consensual encounter. <u>Caldwell v. State</u>, 41 So. 3d 188,

---

[2] "There are essentially three levels of police-citizen encounters:" 1) consensual encounters, during which an individual is free to terminate the interaction; 2) temporary detention, which requires reasonable suspicion of criminal activity; and 3) arrest, which must be supported by probable cause. <u>Popple v. State</u>, 626 So. 2d 185, 186 (Fla. 1993).

4

195 (Fla. 2010) ("A seizure under the Fourth Amendment will only occur when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen."). Consensual encounters do not require any suspicion of criminal activity, and "police officers do not violate the prohibition on unreasonable searches and seizures simply by approaching individuals on the street and asking them to answer a few questions." Id. at 196; see also Brown v. State, 577 So. 2d 708 (Fla. 2d DCA 1991) (noting that an officer needs no founded suspicion to approach a parked vehicle and talk to its occupants).

Distinguishing between a consensual encounter and a seizure is a fact-intensive inquiry that is not dependent on any one factor; rather, courts apply a totality of the circumstances analysis from the perspective of a reasonable person. Caldwell, 41 So. 3d at 199-200. Although the presence of multiple officers may be a factor in the analysis, courts have repeatedly held that the mere presence of multiple officers is not inherently coercive, absent other circumstances suggesting a defendant is not free to leave. See State v. Baldwin, 686 So. 2d 682, 685 (Fla. 1st DCA 1996) (holding that two officers' initial contact with Baldwin was consensual where "the record [was] devoid of any suggestion of the officers' use of threatening, coercive, or intimidating language or demeanor"); State v. Triana, 979 So. 2d 1039, 1044 (Fla. 3d DCA 2008) ("The fact that four officers were present during the encounter with Mr. Triana does not necessarily indicate coercion."); see also United

5

States v. Thomas, 430 F.3d 274, 280 (6th Cir. 2005) (noting that the presence of multiple officers is not in itself coercive absent other threatening circumstances); United States v. Durades, 929 F.2d 1160, 1166 (7th Cir. 1991) (holding that the presence of several officers was not per se coercive).

Here, without addressing the circumstances beyond the officers' initial approach and request for Meachum's license, the trial court concluded that the entire encounter between Meachum and the officers was not consensual. In so ruling, the trial court made no findings that the officers blocked Meachum's egress from the parking lot, used their lights or sirens, drew their weapons, or otherwise engaged in conduct that would communicate to a reasonable person that he was not free to depart. See Golphin v. State, 945 So. 2d 1174, 1193 (Fla. 2006) (holding that an otherwise consensual encounter does not mature into a seizure merely because police request an individual's license for the purpose of conducting a warrant search); Tedder v. State, 18 So. 3d 1052, 1055 (Fla. 2d DCA 2008) ("In the absence of any signs of coercion, the officer's retention of Tedder's driver's license while asking additional questions . . . did not in itself transform the consensual encounter into a detention."). Accordingly, we find that the court's limited findings were "insufficient to raise an inference of submission to police authority." Triana, 979 So. 2d at 1044.

Because we conclude the trial court's findings were not supported by competent, substantial evidence, and were insufficient to support a conclusion that the encounter was non-consensual, we reverse the order granting the motion to suppress, and remand for the trial court to resolve the factual disputes as to the circumstances that followed the initial encounter. See State v. Moore, 791 So. 2d 1246, 1250 (Fla. 1st DCA 2001) (remanding for "additional factual findings and a redetermination, in light of those factual findings, of the legal issues raised in the motion to suppress").

REVERSED and REMANDED.

WETHERELL and OSTERHAUS, JJ., CONCUR.