IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

    Appellant,

v.

JOHN KELLY MEACHUM,

    Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3444

Opinion filed July 13, 2016.

An appeal from the Circuit Court for Bay County.
Elijah Smiley, Judge.

Pamela Jo Bondi, Attorney General, and Julian E. Markham, Assistant Attorney General, Tallahassee, for Appellant.

Nancy A. Daniels, Public Defender, and Laurel Cornell Niles, Assistant Public Defender, Tallahassee, for Appellee.


ROWE, J.

The State appeals an order granting John Kelly Meachum's motion to suppress evidence obtained during a vehicle search.[1] Because we agree that the court erred in granting the motion, we reverse and remand for further proceedings.

---

[1] We have jurisdiction. Fla. R. App. P. 9.140(c)(1)(B).

*Facts*

On August 3, 2014, three officers of the Panama City Police Department were on patrol in an area known to have a high rate of narcotics, prostitution, and other criminal activity. Around 2:40 a.m., the officers, who were in a single police cruiser, observed a vehicle parked in a parking space of a motel, with the engine running and one occupant inside. The patrol car, driven by Corporal Nichol, pulled up and parked perpendicular to the vehicle, but several parking spaces away. Officer Kevin Doheny and Sergeant Richard Blaich exited the patrol car, and Sergeant Blaich went to the rear of the vehicle to obtain tag information, while Officer Doheny approached the driver's side to speak to the occupant, John Kelly Meachum. Upon request by Officer Doheny, Meachum provided his driver's license, which Officer Doheny handed to Corporal Nichol. While Corporal Nichol was at the patrol car conducting an electronic warrant search, Officer Doheny asked Meachum what he was doing at the motel. Meachum initially stated that he was staying in room 150, but after he was asked if he had a room key, Meachum stated he was picking up a friend from that room. Sergeant Blaich went to room 150 to verify whether the occupants knew Meachum.

From that point, the parties dispute whether and when Meachum's license was returned, and whether Meachum consented to a search of the vehicle. Officer Doheny testified that after the warrant search, which he estimated took about two

2

minutes, he immediately returned Meachum's license. Officer Doheny testified that after returning the license, he requested Meachum's consent to search the vehicle, and Meachum consented, exiting the vehicle without being instructed to do so. Meachum, on the other hand, testified that he was directed out of the vehicle while Officer Doheny still had his license, and was brought to the back of the vehicle during the search, to which he was not asked to consent. As a result of the search, the officers located a crack pipe containing a rock of crack cocaine. Meachum was then arrested and charged with possession of cocaine and paraphernalia.

In its order granting the motion to suppress, the court stated that the encounter between Meachum and the officers was not consensual, but rather constituted an illegal detention. The court based this conclusion exclusively on the following facts: that the patrol car was occupied by three officers, that one officer went to the rear of the vehicle to obtain tag information while another approached and requested Meachum's driver's license to conduct a warrant search, and that one of the officers went to the hotel room to conduct further investigation. Having concluded that the encounter was an illegal detention, the court declined to further analyze the circumstances of the search. On appeal, the State argues the trial court erred when it concluded the encounter between the officers and Meachum was not consensual. We agree.

3

*Analysis*

When reviewing a ruling on a motion to suppress, we defer to the trial court's findings of facts which are supported by competent, substantial evidence, and review de novo the application of the law to those facts. Dellhall v. State, 95 So. 3d 134, 150 (Fla. 2012).

While any seizure of a person must be supported, at a minimum, by a reasonable, articulable suspicion of past, present, or impending criminal activity, not all contact between citizens and law enforcement constitutes a seizure for Fourth Amendment purposes.[2] See, e.g., United States v. Mendenhall, 446 U.S. 544, 549 (1980). To the contrary, where the contact with law enforcement does not involve the use of physical force or a show of authority to which the defendant succumbs, the interaction is considered a consensual encounter. Caldwell v. State, 41 So. 3d 188, 195 (Fla. 2010) ("A seizure under the Fourth Amendment will only occur when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen."). Consensual encounters do not require any suspicion of criminal activity, and "police officers do not violate the prohibition on unreasonable searches and seizures simply by approaching individuals on the street

---

[2] "There are essentially three levels of police-citizen encounters:" 1) consensual encounters, during which an individual is free to terminate the interaction; 2) temporary detention, which requires reasonable suspicion of criminal activity; and 3) arrest, which must be supported by probable cause. Popple v. State, 626 So. 2d 185, 186 (Fla. 1993).

4

and asking them to answer a few questions." Id. at 196; see also Brown v. State, 577 So. 2d 708 (Fla. 2d DCA 1991) (noting that an officer needs no founded suspicion to approach a parked vehicle and talk to its occupants).

Distinguishing between a consensual encounter and a seizure is a fact-intensive inquiry that is not dependent on any one factor; rather, courts apply a totality of the circumstances analysis from the perspective of a reasonable person. Caldwell, 41 So. 3d at 199-200. Although the presence of multiple officers may be a factor in the analysis, courts have repeatedly held that the mere presence of multiple officers is not inherently coercive, absent other circumstances suggesting a defendant is not free to leave. See State v. Baldwin, 686 So. 2d 682, 685 (Fla. 1st DCA 1996) (holding that two officers' initial contact with Baldwin was consensual where "the record [was] devoid of any suggestion of the officers' use of threatening, coercive, or intimidating language or demeanor"); State v. Triana, 979 So. 2d 1039, 1044 (Fla. 3d DCA 2008) ("The fact that four officers were present during the encounter with Mr. Triana does not necessarily indicate coercion."); see also United States v. Thomas, 430 F.3d 274, 280 (6th Cir. 2005) (noting that the presence of multiple officers is not in itself coercive absent other threatening circumstances); United States v. Durades, 929 F.2d 1160, 1166 (7th Cir. 1991) (holding that the presence of several officers was not per se coercive).

Here, the trial court made no findings that the officers blocked Meachum's egress from the parking lot, used their lights or sirens, drew their weapons, ordered Meachum to hand over his license or exit the vehicle, or otherwise engaged in conduct that would communicate to a reasonable person that he was not free to depart. Apart from the presence of multiple officers, the trial court's ruling rested solely on the fact that one officer conducted a warrant search of Meachum's license and another conducted "further investigation of others." However, these actions by the officers did nothing to foreclose Meachum from terminating the encounter. See Tedder v. State, 18 So. 3d 1052, 1055 (Fla. 2d DCA 2008) ("In the absence of any signs of coercion, the officer's retention of Tedder's driver's license while asking additional questions . . . did not in itself transform the consensual encounter into a detention."); see also Golphin v. State, 945 So. 2d 1174, 1193 (Fla. 2006) (holding that an officer's questioning and retention of an individual's driver's license during a warrant search does not transform an otherwise consensual encounter into an unlawful seizure). Accordingly, we find that the court's limited findings were "insufficient to raise an inference of submission to police authority." Triana, 979 So. 2d at 1044.

Because we conclude the trial court's ruling was in error, we reverse the order granting the motion to suppress, and remand for the trial court to resolve the factual disputes as to the circumstances surrounding the search of the vehicle. See State v.

6

Moore, 791 So. 2d 1246, 1250 (Fla. 1st DCA 2001) (remanding for "additional factual findings and a redetermination, in light of those factual findings, of the legal issues raised in the motion to suppress").

REVERSED and REMANDED.

WETHERELL and OSTERHAUS, JJ., CONCUR.